**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **MICHAEL BANKS,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**THE CITY OF VIRGINIA BEACH,**<br><br>***Defendant.*** | **Civil Action No. 2:24-cv-00149** |

**CITY OF VIRGINIA BEACH'S MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE**

NOW COMES the City of Virginia Beach (the "City"), by counsel, and in support of its Motions in Limine seeking a ruling and order excluding certain evidence from admission at trial. To wit, such evidence sought to be excluded includes: (1) testimony related to Plaintiff's cancer diagnoses and treatment; and (2) any evidence related to Plaintiff seeking punitive damages. Although it is unknown exactly what evidence Plaintiff will present at trial, the City anticipates these subjects are likely to be addressed by Plaintiff as part of his case in chief and/or relief requested to the jury.

## ARGUMENT

(1) *Any testimony related to Plaintiff's cancer diagnosis, treatment, and/or leave taken for cancer treatment should be excluded.*

At some point after the initiation of the Internal Affairs investigation that is the subject of the instant litigation, Plaintiff was diagnosed with cancer. Upon information and belief, Plaintiff intends to claim in the upcoming trial of this matter that his cancer diagnosis, prognosis, and medical leave are somehow caused or exacerbated by the alleged adverse employment actions that

are the subject of his retaliation claim.[1] Plaintiff also intends, upon information and belief, to seek compensatory damages related to his cancer treatment and diagnosis.

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." In the instance case, Plaintiff's cancer diagnosis does not make any fact of Plaintiff's retaliation claim more or less probable, nor does it have any consequence in the outcome of the matter.

Plaintiff also cannot offer any competent evidence relating his cancer diagnosis, treatment, and associated medical leave to any alleged adverse employment action. Plaintiff has not disclosed any expert witness to provide a possible nexus between Plaintniff's cancer diagnosis and any adverse employment actions, and Plaintiff is not qualified to render an opinion on such topics. Indeed, Plaintiff's testimony could offer only speculation and hearsay in support of any claim that any alleged adverse employment action the caused or exacerbated his cancer. Any such putative testimony therefore lacks foundation and is purely speculative.

Furthermore, the unfair prejudice and confusion evidence of Plaintiff's cancer diagnosis and treatment would cause to the jury far outweighs any probative value that evidence could ever have. A limiting jury instruction would not cure this prejudice because if the evidence is elicited, there is a risk that the jury could be swayed by sympathy for Plaintiff rather than the facts of the

[1] The basis for the City's belief are representations of Plaintiff's prior attorney. At the final Pretrial Conference, the City asked Plaintiff's current attorney whether he intended to introduce evidence of Plaintiff's cancer treatment, diagnosis, or use of medical leave and sought to preclude such evidence if he did. Plaintiff's counsel was unsure and stated he would confirm with the City. The Honorable J. Krask, Magistrate Judge, who presided over the Final Pretrial Conference, instructed the City to file a written Motion *in Limine* regarding this matter if it was unsatisfied with Plaintiff's response. To date, despite an additional request for an update, Plaintiff's counsel has not stated Plaintiff's intentions with regard to this matter.

case. Therefore, the only solution to avoid unfair prejudice and confusion is to exclude any evidence relating to Plaintiff's cancer diagnosis.

(2) *Any evidence related to Plaintiff seeking punitive damages should be excluded as impermissible against the City of Virginia Beach.*

Upon information and belief, Plaintiff intends to introduce evidence or argument that he is entitled to punitive damages against the City. Any such evidence or argument should be excluded, however, as punitive damages are not recoverable against governments in Title VII retaliation claims. The calculation of damages for causes of action brought pursuant Section 706 of the Civil Rights Act of 1964, including Title VII retaliation actions such as the one at bar is set forth in 42 U.S.C. §1981a. *See also* 42 U.S.C. § 2000e-3 (codifying Section 704 of the Civil Rights Act of 1964); 42 U.S.C. § 2000e-5 (codifying Section 706 of the Civil Rights Act of 1964). Section §1981a provides that governments, government agencies, and political subdivisions such as the City of Virginia Beach are expressly exempted from awards of punitive damages. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . ."). Any claim for punitive damages should therefore be precluded from the trial of this action.

WHEREFORE, the Defendant respectfully moves this Court to grant its motions in limine and award such other and further relief as this Court deems equitable, just and proper.

**CITY OF VIRGINIA BEACH**

By: /s/ Elizabeth B. Howerin
Of Counsel

**Mark D. Stiles** (VSB No. 30683)
City Attorney
**Christopher S. Boynton** (VSB No. 38501)

Deputy City Attorney
**Christopher J. Turpin** (VSB No. 97321)
Associate City Attorney
**Joseph M. Kurt** (VSB No. 90854)
Associate City Attorney
**Elizabeth B. Howerin** (VSB No. 93571)
Associate City Attorney
Office of the City Attorney
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
cturpin@vbgov.com
jkurt@vbgov.com
ehowerin@vbgov.com
*Attorneys for the City of Virginia Beach*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2025, the foregoing City of Virginia Beach's Motion *in Limine* to Exclude Certain Evidence was e-filed using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen C. Teague, Esquire
Law Office of Stephen C. Teague
P.O. Box 706
Newport News, VA 23607
stephen@teaguelawoffice.com
*Counsel for Plaintiff*

/**s**/Elizabeth B. Howerin
Of Counsel