**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **MICHAEL BANKS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF VIRGINIA BEACH,**<br><br>**Defendant.** | **Civil Action No. 2:24-cv-00149** |

# PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff Michael Banks, by and through his undersigned counsel, submits the following proposed voir dire questions for the Court's consideration.

## I. PRELIMINARY MATTERS

**Court:** Good morning, members of the jury panel. This is a civil case brought under federal employment law. I will now ask you some questions to determine if you can serve fairly and impartially as jurors in this case.

## II. BACKGROUND AND GENERAL QUESTIONS

### 1. Case Overview

This case involves claims that the City of Virginia Beach Police Department retaliated against Sergeant Michael Banks, an African American police officer, after he engaged in activities protected under federal employment discrimination law.

A. General Relationships

Does anyone here have any personal or professional relationship with:

- Michael Banks, the plaintiff
- Any employee of the Virginia Beach Police Department

- Any attorney representing either party in this case
- The City of Virginia Beach government

B. Specific relationships:

Does any member of the jury panel know or have any knowledge of any of the following individuals who may be involved or testify in this case? Please listen as I read this list:

Michael Banks (the Plaintiff)

Paul Neudigate (Chief of Police)

Andrew Houston (Police Officer / Detective)

Pairrys Ransom (Probationary Police Officer)

Shannon Wichtendahl (Deputy Chief)

Alicia Jones (Lieutenant)

William Gervin (Lieutenant)

Chris Washington (Sergeant)

Don Dozier (Sergeant)

John Orr (Captain)

Harry McBrien (Captain)

Stephen C. Teague, Pamela Johnson Branch, or Joshua Jewett (Plaintiff's attorneys)

Mark D. Stiles, Christopher Boynton, Joseph Kurt, or Christopher Turpin (Attorneys for the City of Virginia Beach)

**2. Law Enforcement Experience**

- Has anyone here ever worked for any law enforcement agency, including police departments, sheriff's offices, or federal agencies?
- Do any of you have family members who work or have worked in law enforcement?
- Would your experience with or relationship to law enforcement make it difficult for you to be fair and impartial in a case involving a police department?
- Have you, or have any of your close friends or family members, ever worked for the City of Virginia Beach in any capacity?

## III. EMPLOYMENT AND WORKPLACE ISSUES

### 3. Employment

- What is your current occupation?
- If you have not had your present job for the last five years, what was your prior work experience?
- What is your educational background?
- Have any of you received training in law, law enforcement, human resources, or personnel management?

### 4. Employment Discrimination Experience

- Has anyone here ever filed a complaint of workplace discrimination, harassment, or retaliation with the EEOC, state agency, or your employer? Do you feel you were treated fairly after making the complaint?
- Has anyone here ever supervised employees or been responsible for workplace disciplinary decisions?
- This case involves allegations of workplace retaliation. Have any of you ever been involved in a workplace investigation, either as the person being investigated, a witness, or the investigator?
- Have you ever been formally disciplined, demoted, or terminated from a job?
- Have you ever been accused of discriminating against or retaliating against another employee?
- What is your understanding of the term "workplace retaliation"?
- How do you feel about laws that protect employees from retaliation after they make a complaint about discrimination or unfair treatment?
- Do you have a tendency to believe that employees who make complaints about their employers are usually "troublemakers," or do you believe they are generally trying to address a real problem?

### 5. Internal Investigations

- Has anyone here ever been the subject of a workplace investigation?
- Has anyone here ever participated in or conducted a workplace investigation?
- Do you understand that employees sometimes have legitimate reasons to complain about workplace conditions or treatment?

## IV. LEGAL CONCEPTS AND BIAS

### 6. Burden of Proof

- Do you understand that in a civil case, the plaintiff must prove his claims by a preponderance of the evidence, meaning more likely than not?
- Would you expect the plaintiff to prove his case beyond a reasonable doubt, as in a criminal case?
- Can you follow the Court's instructions on the law even if they differ from your personal understanding?

### 7. Retaliation Claims

- Do you believe that employees should be protected from retaliation when they complain about workplace discrimination in good faith?
- Do you believe that sometimes legitimate workplace discipline might appear to be retaliation but actually be justified?
- Can you consider both the employee's perspective and the employer's perspective fairly?

## V. BIAS AND PREJUDICE

### 8. Racial Issues

- This case involves allegations that race may have been a factor in some workplace decisions. Can you fairly consider evidence about racial issues in the workplace?
- Do you have any strong feelings about workplace diversity or affirmative action that would affect your judgment?
- The defendant has suggested that Mr. Banks used race as a "shield" to cover his actions. How do you feel about the phrase "playing the race card"? Does hearing that phrase cause you to lean in favor of one side or the other?
- Can you decide this case based solely on the evidence presented and the law as instructed by the Court?

### 9. Authority and Credibility

- Do you tend to give more credibility to testimony from people in positions of authority?
- Do you tend to give more credibility to testimony from people who claim they have been wronged?
- Can you evaluate each witness's credibility individually based on their demeanor and the consistency of their testimony?

### 10. Law Enforcement

- Have you ever had an experience with a police officer, either positive or negative, that stands out in your mind and might affect your ability to be fair and impartial in this case?
- 
- In this case, you may hear testimony from police officers of different ranks, such as a police chief, captains, lieutenants, and sergeants. Would you tend to believe a higher-ranking officer over a lower-ranking officer simply because of their rank?

## VI. CASE-SPECIFIC ISSUES

### 11. Timeline and Causation

- Do you understand that timing between events can be relevant evidence in determining whether one event caused another?

- Can you consider circumstantial evidence as well as direct evidence in reaching your decision?
- Do you understand that proving retaliation does not require showing it was the only reason for an employment decision?

### 12. Workplace Policies

- Do you believe that employers should always follow their own written policies and procedures?
- Do you understand that sometimes legitimate business decisions might appear unfair to the affected employee?
- Can you distinguish between decisions you might disagree with personally and decisions that violate the law?

## VII. COMMITMENT TO FAIRNESS

### 13. Impartiality

- Can you decide this case based solely on the evidence presented during trial and the law as instructed by the Court?
- Will you hold both parties to the same standard of proof?
- Can you set aside any personal feelings or experiences and decide this case fairly?

### 14. Deliberation

- Can you participate actively in jury deliberations and listen to your fellow jurors' viewpoints?
- Can you change your mind if the evidence and discussion convince you that your initial view was incorrect?
- Can you hold firm to your convictions if you believe you are correct, even if other jurors disagree?

## VIII. DAMAGES

If you find that the City of Virginia Beach did unlawfully retaliate against Mr. Banks, you will be asked to determine damages. This can include lost wages from his demotion as well as compensation for things like emotional distress, humiliation, and damage to his reputation.

- Does anyone have any personal, moral, or religious beliefs that would prevent them from awarding money damages for intangible harms like emotional pain and suffering?
- Do you have any fixed limits or caps in your mind about how much money a jury should award in a lawsuit, regardless of the evidence?

## IX. ADDITIONAL QUESTIONS

### 15. Hardship

- This trial is expected to last approximately 4 days. Does anyone have any scheduling conflicts or hardships that would prevent you from giving this case your full attention?
- Does anyone have any medical conditions, hearing difficulties, or other issues that would interfere with your ability to serve?

**16. Final Questions**

- Is there anything about your background, experience, or beliefs that you think might affect your ability to be fair and impartial in this case?
- Is there any reason why you cannot serve as a fair and impartial juror in this matter?

Respectfully submitted,


**MICHAEL BANKS**
By: /s/ Stephen C. Teague
**STEPHEN C. TEAGUE, VSB # 81006**
**LAW OFFICE OF STEPHEN C. TEAGUE**
P.O. Box 706
Newport News, VA 23607
Tel: (757) 317-0716
Fax: (757) 215-2974
E-mail: stephen@teaguelawoffice.com
*Counsel for Plaintiff*


* * * * * * * * * * * * *

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ounsel of record:

/s/ Stephen C. Teague
Stephen C. Teague