**IN THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF
VIRGINIA NORFOLK DIVISION**

| | |
|---|---|
| **MICHAEL BANKS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF VIRGINIA BEACH,**<br><br>**Defendant.** | **Civil Action No. 2:24-cv-00149** |

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Michael Banks, through counsel, submits the following set of jury instructions for use at trial. Plaintiff reserves the right to withdraw, amend, or add to these instructions at any time before closing argument. Plaintiff further reserves the right to object to Defendant's proposed jury instructions.

Dated: September 16, 2025

Respectfully submitted,

/s/ Stephen Teague___________

Stephen C. Teague (VSB # 81006)
Law Office of Stephen C. Teague
P.O. Box 706
Newport News, VA 23607
Telephone: 757-317-0716
Fax: 757-215-2974
Email: stephen@teaguelawoffice.com
*Counsel for Plaintiff*

<u>**TABLE OF CONTENTS**</u>

JURY INSTRUCTION NO. 1
(Retaliation in Violation of Title VII) ........ 3

JURY INSTRUCTION NO. 2
(Elements of a Retaliation Claim) ........ 3-4

JURY INSTRUCTION NO. 3
(Title VII-Retaliation-Materially Adverse Action) ........ 4-5

JURY INSTRUCTION NO. 4
(Retaliation-Causation) ........ 5-6

JURY INSTRUCTION NO. 5
(Mixed Motive) ........ 6

JURY INSTRUCTION NO. 6
(Pretext) ........ 6-10

JURY INSTRUCTION NO. 7
(Protected Activities-Opposition) ........ 10

JURY INSTRUCTION NO. 8
(Protected Activities) ........ 10-11

JURY INSTRUCTION NO. 9
(Back Pay) ........ 11

JURY INSTRUCTION NO. 10
(Compensatory Damages) ........ 11-12

JURY INSTRUCTION NO. 11
(Nominal Damages) ........ 12

JURY INSTRUCTION NO. 12
(But-For Causation-Generally) ........ 13

JURY INSTRUCTION NO. 13
(But-For Causation Falsity) ........ 13

JURY INSTRUCTION NO. 14

(But-For Causation-Close Temporal Proximity)................................................. 14

JURY INSTRUCTION NO. 15

(Post-Complaint Conduct)..................................................................................... 14

JURY INSTRUCTION NO. 16

(Interested Witness-Employee of Party) ....................................................... 14-15

JURY INSTRUCTION NO. 17

(Employer Duty to Eliminate Known Retaliation) ............................................... 15

JURY INSTRUCTION NO. 18

(Liability of Employer for Decision-Maker's Decision)..................................... 16

JURY INSTRUCTION NO. 19

(Direct Evidence and Circumstantial Evidence) ................................................. 16

JURY INSTRUCTION NO. 20

(Preponderance of the Evidence) ............................................................16-17

## INSTRUCTION NO. 1

## RETALIATION IN VIOLATION OF TITLE VII

THE PLAINTIFF, MICHAEL BANKS, CLAIMS THAT THE DEFENDANT, CITY OF VIRGINIA BEACH, RETALIATED AGAINST HIM IN VIOLATION OF A FEDERAL STATUTE CALLED TITLE VII. THE ANTI-RETALIATION PROTECTION IN TITLE VII PROVIDES THAT IT IS UNLAWFUL FOR AN EMPLOYER TO RETALIATE AGAINST AN INDIVIDUAL BECAUSE HE IN GOOD FAITH OPPOSED WHAT HE BELIEVED WERE DISCRIMINATORY OR RETALIATORY EMPLOYMENT PRACTICES OR BECAUSE HE HAS MADE A CHARGE, TESTIFIED, ASSISTED OR PARTICIPATED IN ANY MANNER IN ANY INVESTIGATION, PROCEEDING OR HEARING GOVERNED BY TITLE VII.

AUTHORITY: 42 U.S.C. § 2000E-3(A) (TITLE VII)

## INSTRUCTION NO. 2

## ELEMENTS OF A RETALIATION CLAIM

TO ESTABLISH A CLAIM OF RETALIATION, THE PLAINTIFF MUST PROVE THAT:

1. PLAINTIFF ENGAGED IN PROTECTED ACTIVITY WHEN, ON JULY 23, 2021, HE REACHED OUT TO THE POLICE CHIEF TO CHALLENGE HIS INABILITY TO CONDUCT FAIR AND IMPARTIAL POLICING TRAINING AND POLYGRAPH EXAMINATIONS; AND WHEN HE FILED HIS CHARGE OF DISCRIMINATION WITH THE EEOC.;
2. DEFENDANT TOOK AN ACTION(S) THAT A REASONABLE EMPLOYEE WOULD HAVE FOUND MATERIALLY ADVERSE; AND
3. DEFENDANT WOULD NOT HAVE TAKEN THE CHALLENGED EMPLOYMENT DECISION(S) BUT FOR THE PLAINTIFF'S PROTECTED ACTIVITY.

IF YOU FIND THAT THE PLAINTIFF HAS PROVEN EACH OF THESE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND FOR THE PLAINTIFF AND AGAINST THE DEFENDANT ON THIS CLAIM. IF, ON THE OTHER HAND, YOU FIND THAT THE PLAINTIFF HAS FAILED TO PROVE ANY ONE OR MORE OF THESE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND AGAINST HIM ON THIS CLAIM AND IN FAVOR OF THE DEFENDANT.

AUTHORITY: : *GROSS V. FBL FIN. SERVS., INC.*, 557 U.S. 167 (2009); *UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER V. NASSAR*, 57 U.S. ____ 2013*; BURLINGTON NE. & SANTA FE RY. CO. V. WHITE*, 548 U.S. 53 (2006); *GUNNELL V. UTAH VALLEY STATE COLLEGE*, 152 F.3D 1253, 1262-63 (10TH CIR. 1998); *COLE V. RUIDOSO MUN. SCHOOLS*, 43 F.3D 1373, 1381 (10TH CIR. 1994)

**INSTRUCTION NO. 3**

**TITLE VII– RETALIATION – MATERIALLY ADVERSE ACTION**

A "MATERIALLY ADVERSE" ACTION IS ANY ACTION BY THE EMPLOYER THAT IS LIKELY TO DISCOURAGE A REASONABLE WORKER IN THE PLAINTIFF'S POSITION FROM EXERCISING HIS RIGHTS UNDER TITLE VII.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013): "*BURLINGTON N. & SANTA FE RY. CO. V. WHITE*, 548 U.S. 53 (2006); *BURLINGTON INDUS., INC. V. ELLERTH*, 524 U.S. 742, 141 L. ED. 2D 633, 118 S.CT. 2257, 2268 (1998) (CONDUCT IS ADVERSE EMPLOYMENT ACTION IF IT "CONSTITUTES A SIGNIFICANT CHANGE IN EMPLOYMENT STATUS, SUCH AS HIRING, FIRING, FAILING TO PROMOTE, REASSIGNMENT WITH SIGNIFICANTLY DIFFERENT RESPONSIBILITIES, OR A DECISION CAUSING A SIGNIFICANT CHANGE IN BENEFITS"); *JONES V. OKLA. CITY PUB. SCH.*, 617 F.3D 1273, 1279-80 (10TH CIR. 2010) (HOLDING THAT PLAINTIFF SUFFERED AN ADVERSE EMPLOYMENT ACTION WHERE REASSIGNMENT LED TO DECREASE IN BENEFITS AND A LOSS OF PROFESSIONAL PRESTIGE, EVEN THOUGH IT WAS NOT A DEMOTION); *MEDINA V. INCOME SUPPORT DIVISION*, 413 F.3D 1131, 1137 (10TH CIR. 2005) (DISCIPLINARY ACTIONS SHORT OF TERMINATION CAN BE CONSIDERED ADVERSE EMPLOYMENT ACTIONS IF THEY INCREASE THE LIKELIHOOD THAT THE EMPLOYEE WILL BE TERMINATED OR OTHERWISE AFFECT THE EMPLOYEE'S FUTURE EMPLOYMENT PROSPECTS.); *HILLIG V. RUMSFELD*, 381 F.3D 1028, 1032-33 (10TH CIR. 2004) (FINDING OF ADVERSE EMPLOYMENT ACTION WHERE NEGATIVE REFERENCES WOULD SERIOUSLY HARM FUTURE EMPLOYMENT PROSPECTS); *STINNETT V. SAFEWAY*, 337 F.3D 1213, 1217 (10TH CIR. 2003) (FINDING TRANSFER TO BE AN ADVERSE EMPLOYMENT ACTION BECAUSE EVEN WHERE PLAINTIFF "MAINTAINED HER WAGE 51 LEVEL, SENIORITY, AND TITLE… THERE IS EVIDENCE THAT THE REASSIGNMENT RESULTED IN A DE FACTO REDUCTION IN RESPONSIBILITY AND REQUIRED A LESSER DEGREE OF SKILL); *ROBERTS V. ROADWAY EXPRESS, INC.*, 149 F.3D 1098, 1104 (10TH CIR. 1998) (EVIDENCE THAT EMPLOYER HAD "'PAPERED' [PLAINTIFF'S] FILE WITH NEGATIVE REPORTS

INCLUDING TWO WRITTEN REPRIMANDS…ARE THE KINDS OF SERIOUS EMPLOYMENT CONSEQUENCES THAT ADVERSELY AFFECTED OR UNDERMINED [PLAINTIFF'S] POSITION, EVEN IF HE WAS NOT DISCHARGED, DEMOTED OR SUSPENDED"); *JEFFRIES V. STATE OF KANSAS, DEPT. OF SOCIAL AND REHABILITATION SERVICES*, 147 F.3D 1220, 1231 (10TH CIR. 1998) (PLAINTIFF'S ALLEGATION THAT AFTER SHE COMPLAINED, HER SUPERVISOR WOULD NOT SUPERVISE HER AND ISSUED THREATS THAT HER CONTRACT WOULD NOT BE RENEWED AT END OF YEAR WAS SUFFICIENT TO RAISE A GENUINE FACTUAL DISPUTE AS TO WHETHER SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION IN RETALIATION FOR HER COMPLAINT); *GUNNELL V. UTAH VALLEY STATE COLLEGE*, 152 F.3D 1253, 1264 (10TH. CIR. 1998) (EMPLOYER MAY BE LIABLE FOR RETALIATORY ACTS OF CO-WORKERS); *CORNEVEAUX V. CUNA MUT. INS. GROUP*, 76 F.3D 1498, 1507 (10TH CIR. 1996) (SHOWING OF ADVERSE EMPLOYMENT ACTION WHERE EMPLOYEE REQUIRED TO "GO THROUGH SEVERAL HOOPS" IN ORDER TO OBTAIN SEVERANCE BENEFITS); *BERRY V. STEVINSON CHEVROLET*, 74 F.3D 980, 986 (10TH CIR. 1996) (SHOWING OF ADVERSE EMPLOYMENT ACTION WHERE EMPLOYER REPORTED PLAINTIFF OF SUSPECTED CRIME THEREBY CREATING RISK OF HUMILIATION AND DAMAGE TO REPUTATION); *MARX V. SCHNUCK MKTS., INC.*, 76 F.3D 324, 329 (10TH CIR. 1996) (NOTING THAT PATTERN OF RETALIATION BEGAN WITH PLAINTIFF BEING "WRITTEN UP"); *HOOKS V. DIAMOND CRYSTAL SPECIALTY FOODS, INC.*, 997 F.2D 793, 799 (10TH CIR. 1993) (REASSIGNMENT MAY BE AN ADVERSE EMPLOYMENT ACTION WHEN THE EMPLOYEE "RECEIVES LESS PAY, HAS LESS RESPONSIBILITY, OR IS REQUIRED TO UTILIZE A LESSER DEGREE OF SKILL THAN HIS PREVIOUS ASSIGNMENT"), OVERRULED ON OTHER GROUNDS BY *BUCHANAN V. SHERRILL*, 51 F.3D 227, 229 (10TH CIR. 1995)"

**INSTRUCTION NO. 4**

**RETALIATION – CAUSATION**

IN ORDER TO PROVE THAT PLAINTIFF'S EMPLOYER WOULD NOT HAVE TAKEN THE CHALLENGED EMPLOYMENT DECISION BUT FOR THE PLAINTIFF'S PROTECTED ACTIVITY, PLAINTIFF DOES NOT NEED TO SHOW THAT HIS PROTECTED ACTIVITY WAS THE SOLE MOTIVATING FACTOR IN THE EMPLOYMENT DECISION. INSTEAD, AN EMPLOYER MAY BE HELD LIABLE FOR RETALIATION EVEN IF OTHER FACTORS CONTRIBUTED TO THE EMPLOYER MAKING THE CHALLENGED DECISION, SO LONG AS RETALIATION WAS THE FACTOR THAT MADE A DIFFERENCE.

AUTHORITY: *GROSS V. FBL FIN. SERVS., INC.*, 557 U.S. 167 (2009); *JONES V. OKLA. CITY PUB. SCHS.,* 617 F.3D 1273, 1277-78 (10TH CIR. 2010); *HAZEN PAPER CO. V. BIGGINS*, 507 U.S. 604, 610 (1993).

**INSTRUCTION NO. 5**

**MIXED MOTIVE**

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT'S TREATMENT OF THE PLAINTIFF MAY HAVE BEEN MOTIVATED BY A DESIRE TO RETALIATE AGAINST THE PLAINTIFF. IF YOU FIND THAT RETALIATION WAS A MOTIVATING FACTOR IN DEFENDANT'S DISABLING PLAINTIFF'S ACCESS TO HEADQUARTERS, DEMANDING PLAINTIFF'S RETURN OF HIS INTERNAL AFFAIRS KEY, TRANSFER OF PLAINTIFF TO THE SECOND PRECINCT, DENIAL OF A PLAINTIFF'S PROMOTION TO LIEUTENANT, DENIAL OF PLAINTIFF'S REQUEST TO ATTEND TRAINING WITH THE ATLANTA POLICE DEPARTMENT, REFERRAL OF PLAINTIFF TO THE BRADY LIST, DELAYING OF THE INTERNAL AFFAIRS INVESTIGATORY PROCESS, AND DEMOTION OF PLAINTIFF, AS DETERMINED BY DIRECT OR CIRCUMSTANTIAL EVIDENCE, THEN PLAINTIFF IS ENTITLED TO YOUR VERDICT EVEN IF YOU FIND THAT THE FOREGOING ACTIONS WERE ALSO MOTIVATED BY NON-RETALIATORY REASONS.

HOWEVER, IF YOU FIND THAT THE DEFENDANT WAS MOTIVATED BY BOTH RETALIATORY] AND NON-RETALIATORY REASONS, YOU MUST DECIDE WHETHER THE PLAINTIFF IS ENTITLED TO DAMAGES. THE PLAINTIFF IS ENTITLED TO DAMAGES UNLESS THE DEFENDANT PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WOULD HAVE TREATED THE PLAINTIFF THE SAME EVEN IF RETALIATION HAD PLAYED NO ROLE IN THE EMPLOYMENT DECISIONS.

AUTHORITY: 42 U.S.C. § 2000E-2(M); DESERT PALACE, INC. V. COSTA, 539 U.S. 90, 94 (2003); PRICE WATERHOUSE V. HOPKINS, 490 U.S. 228, 244-45 (1989); FYE V. OKLAHOMA CORP. COMM'N, 516 F.3D 1217 (10TH CIR. 2008); DAVEY V. LOCKHEED, 301 F.3D 1204, 1213-14 (10TH CIR. 2002). SEE ALSO MEDLOCK V. ORTHO BIOTECH, INC., 164 F.3D 545, 550 (10TH CIR. 1999); KENWORTHY V. CONOCO, INC., 979 F.2D 1462, 1471 (10TH CIR. 1992).

**INSTRUCTION NO. 6**

**PRETEXT**

THE PLAINTIFF CLAIMS THAT THE DEFENDANT'S STATED REASONS FOR ITS ADVERSE EMPLOYMENT ACTIONS ARE NOT THE TRUE REASONS, BUT INSTEAD

ARE PRETEXTUAL (AN EXCUSE) TO COVER UP FOR RETALIATION. IF YOU DO NOT BELIEVE ONE OR MORE OF THE REASONS THE DEFENDANT EMPLOYER OFFERED FOR DEFENDANT'S DISABLING PLAINTIFF'S ACCESS TO HEADQUARTERS, DEMANDING PLAINTIFF'S RETURN OF HIS INTERNAL AFFAIRS KEY, TRANSFER OF PLAINTIFF TO THE SECOND PRECINCT, DENIAL OF A PLAINTIFF'S PROMOTION TO LIEUTENANT, DENIAL OF PLAINTIFF'S REQUEST TO ATTEND TRAINING WITH THE ATLANTA POLICE DEPARTMENT, REFERRAL OF PLAINTIFF TO THE BRADY LIST, DELAYING OF THE INTERNAL AFFAIRS PROCESS, AND DEMOTION OF PLAINTIFF, THEN YOU MAY, BUT ARE NOT REQUIRED TO, INFER THAT RETALIATION WAS A FACTOR THAT MADE A DIFFERENCE IN THE DEFENDANT'S DECISION. [THE PLAINTIFF NEED NOT DISPROVE EVERY REASON STATED BY THE DEFENDANT IN ORDER TO PROVE PRETEXT.

THE PLAINTIFF MAY SHOW THAT THE DEFENDANT'S STATED REASONS FOR ITS DECISIONS ARE PRETEXTUAL (NOT THE TRUE REASON) IN ANY OF SEVERAL WAYS. SOME EXAMPLES OF WAYS (ALTHOUGH THESE ARE NOT THE ONLY WAYS) IN WHICH YOU MAY DETERMINE THAT DEFENDANT'S STATED REASONS ARE PRETEXT ARE:

EVIDENCE THAT ANY ONE THE OF THE DEFENDANT'S STATED REASONS FOR THE DECISIONS ARE FALSE, CONTRADICTORY, OR IMPLAUSIBLE;

EVIDENCE THAT THE DEFENDANT ACTED CONTRARY TO A WRITTEN OR UNWRITTEN COMPANY POLICY OR AN ESTABLISHED COMPANY PRACTICE WHEN IT ENGAGED IN ANY OF THE MATERIALLY ADVERSE EMPLOYMENT ACTIONS; OR

EVIDENCE THAT THE DEFENDANT DID NOT UNIFORMLY ENFORCE ITS OWN RULES; OR

EVIDENCE THAT THE DEFENDANT OTHERWISE EXHIBITED DISTURBING PROCEDURAL IRREGULARITIES IN DEALING WITH PLAINTIFF; OR

THE CRITERIA USED TO EVALUATE THE EMPLOYEE WAS ENTIRELY SUBJECTIVE; OR

THE ADVERSE ACTION(S) IS CLOSELY RELATED IN TIME TO PLAINTIFF'S PROTECTED ACTIVITIES.

IF YOU FIND PRETEXT, YOU MAY, BUT ARE NOT REQUIRED TO INFER THAT RETALIATION WAS THE FACTOR THAT MADE A DIFFERENCE IN THE EMPLOYER'S TREATMENT OF PLAINTIFF.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013): "*REEVES V. SANDERSON PLUMBING PRODUCTS, INC.*, 120 S.CT. 2097, 2108-09 (2000); *TOWNSEND V.*

*LUMBERMAN'S MUT. CAS. CO.*, 294 F.3D 1232, 1241 (10TH CIR. 2002); *VILLAGE OF ARLINGTON HEIGHTS V. METROPOLITAN HOUSING DEVELOPMENT CORPORATION*, 429 U.S. 252, 266-68 (1977) (DISTURBING : 7 PROCEDURAL IRREGULARITIES); *PLOTKE V. WHITE*, 405 F.3D 1092, 1102 (10TH CIR. 2005) (REJECTION OF THE DEFENDANT'S PROFFERED LEGITIMATE REASON FOR THE ADVERSE EMPLOYMENT ACTION WILL PERMIT THE TRIER OF FACT TO INFER THE ULTIMATE FACT OF INTENTIONAL DISCRIMINATION); *GREEN V. NEW MEXICO*, 420 F.3D 1189, 1195 (10TH CIR. 2005) (USE OF SUBJECTIVE CRITERION); *TOWNSEND V. LUMBERMENS MUTUAL CAS. CO.,* 294 F.3D 1232, 1241 (10TH CIR. 2002) (IF JURY DISBELIEVES AN EMPLOYER'S PROFFERED EXPLANATION THEY MAY -- BUT NEED NOT -- INFER THAT THE EMPLOYER'S TRUE MOTIVE WAS DISCRIMINATORY); *SELENKE V. MED. IMAGING OF COLO., INC.*, 248 F.3D 1249, 1261 (10TH CIR. 2001) (PRETEXT MUST BE RESOLVED BY REFERENCE TO THE PERSON MAKING THE DECISION AT THE TIME THE DECISION IS MADE); *KENDRICK V. PENSKE TRANSP. SERVS. INC.*, 220 F.3D 1220, 1230 (10TH CIR. 2000); *TYLER V. RE/MAX MTN. STATES, INC.*, 232 F.3D 808, 813 (10TH CIR. 2000) (IF AT THE TIME OF THE ADVERSE EMPLOYMENT DECISION THE DECISION MAKER GAVE ONE REASON, BUT AT THE TIME OF TRIAL GAVE ANOTHER REASON WHICH WAS UNSUPPORTED BY THE DOCUMENTARY EVIDENCE, THE JURY COULD REASONABLY CONCLUDE THAT THE NEW REASON WAS A PRETEXTUAL AFTER-THE-FACT JUSTIFICATION); *BULLINGTON V. UNITED AIRLINES, INC.*, 186 F.3D 1301, 1318 (10TH CIR. 1999), OVERRULED ON OTHER GROUNDS BY *AMTRAK V. MORGAN*, 536 U.S. 101 (2002) (THE RELEVANT INQUIRY IS LIMITED TO WHETHER THE DECISION-MAKER HONESTLY BELIEVED THE PROFFERED REASONS AND ACTED IN GOOD FAITH UPON THOSE BELIEFS); *MORGAN V. HILTI, INC.*, 108 F.3D 1319, 1323 (10TH CIR. 1997); *SPULAK V. K-MART CORP.*, 894 F.2D 1150, 1155 (10TH CIR. 1990) (DISPARATE ENFORCEMENT OF RULES); AND *MOHAMMED V. CALLAWAY*, 698 F.2D 395 (10TH CIR. 1983) (DISTURBING PROCEDURAL IRREGULARITIES). SEE ALSO *MATTHEWS V. EURONET WORLDWIDE, INC.*, 2008 WL 822461, *4 (10TH CIR. 2008) ("[T]O THE EXTENT THE DEFENDANTS' ARTICULATED REASONS WERE SUBJECTIVE IN NATURE, THEY ARE SUPPORTED BY OBJECTIVE FACTS."); *RIGGS V. AIRTRAN AIRWAYS, INC.*, 497 F.3D 1108, 1118-19 (10TH CIR. 2007) (THE EXISTENCE OF SUBJECTIVE FACTORS ALONE IS NOT CONSIDERED EVIDENCE OF PRETEXT; PLAINTIFF MUST PRODUCE CIRCUMSTANTIAL EVIDENCE IN CONTEXT TO SHOW PRETEXT); *SANTANA V. CITY & COUNTY OF DENVER*, 488 F.3D 860, 865 (10TH CIR. 2007) (MINOR DIFFERENCES IN TREATMENT DO NOT SHOW PRETEXT; THERE MUST BE AN "OVERWHELMING DISPARITY"); *PIERCY V. MAKETA*, 480 F.3D 1192, 1200 (10TH CIR. 2007) ("EVEN A MISTAKEN BELIEF CAN BE A LEGITIMATE, NON-PRETEXTUAL REASON FOR AN EMPLOYMENT DECISION."); *ANTONIO V. SYGMA NETWORK, INC.*, 458 F.3D 1177, 1183 (10TH CIR. 2006) (STRONG INFERENCE THAT STATED REASONS ARE NOT

PRETEXTUAL WHERE SAME DECISION MAKER IS INVOLVED IN BOTH POSITIVE AND ADVERSE EMPLOYMENT ACTIONS); *PERRY V. ST. JOSEPH REG. MED. CTR.*, 110 F. APP'X 63, 68 (10TH CIR. 2004) ("PRETEXT IS NOT ESTABLISHED BY VIRTUE OF THE FACT THAT AN EMPLOYEE HAS RECEIVE SOME FAVORABLE COMMENTS IN SOME CATEGORIES OR HAS, IN THE PAST, RECEIVED SOME GOOD EVALUATIONS."); *JONES V. BARNHART*, 349 F.3D 1260, 1267-68 (10TH CIR. 2003) (PRETEXT TYPICALLY SHOULD BE INFERRED ONLY WHEN THE CRITERIA ARE "ENTIRELY SUBJECTIVE IN NATURE); *DENNY V. CITY OF ALBANY*, 247 F.3D 1172, 1189-90 (11TH CIR. 2001) (INCONSISTENCIES THAT DO NOT RELATE TO THE DECISION AT ISSUE ARE NOT EVIDENCE OF PRETEXT); *BELGASEM V. WATER PIK TECH.*, INC., 457 F. SUPP. 2D 12205, 1213 (D. COLO. 2006) (ADVERSE ACTIONS WITH RESPECT TO DIFFERENT POSITIONS IS NOT EVIDENCE OF PRETEXT); *TYLER V. RE/MAX MTN. STATES, INC.*, 232 F.3D 808 (10TH CIR. 2000) ("[W]HEN THE PLAINTIFF CASTS SUBSTANTIAL DOUBT ON MANY OF THE EMPLOYER'S MULTIPLE REASONS, THE JURY COULD REASONABLY FIND THE EMPLOYER LACKS CREDIBILITY."); *BRYANT V. FARMERS INS. EXCHANGE*, 432 F.3D 1114, 1127 (10TH CIR. 2005) (DENYING SUMMARY JUDGMENT WHERE PLAINTIFF DEMONSTRATED THAT ONE OF MANY OF THE DEFENDANT'S STATED REASONS WAS PRETEXTUAL, STATING, "IT IS NOT SIMPLY A QUESTION OF HOW MANY OF THE DEFENDANT'S REASONS A PLAINTIFF HAS REFUTED, BUT RATHER A QUESTION OF WHETHER CASTING DOUBT ON A PARTICULAR JUSTIFICATION NECESSARILY CALLS INTO DOUBT THE OTHER JUSTIFICATIONS.)

*ANNETT V. UNIV. OF KAN.*, 371 F.3D 1233 (10TH CIR. 2004) (PROTECTED CONDUCT CLOSELY FOLLOWED BY ADVERSE ACTION MAY JUSTIFY AN INFERENCE OF RETALIATORY MOTIVE); *LOVE V. RE/MAX OF AM., INC.,* 738 F.2D 383, 386 (10TH CIR. 1984) (SAME); *CAMPBELL V. GAMBRO HEALTHCARE, INC.*, 478 F.3D 1282, 1290 (10TH CIR. 2007); *METZLER V. FED. HOME LOAN BANK OF TOPEKA*, 464 F.3D 1164, 1172 (10TH CIR. 2006) (TERMINATION OCCURRING WITHIN 6 WEEKS AFTEREMPLOYER LEARNED EMPLOYEE WOULD TAKE FMLA LEAVE HELD SUFFICIENTLY CLOSE TO SHOW CAUSATION).ALTHOUGH COURTS HAVE ALLOWED CLOSE TEMPORAL PROXIMITY BETWEEN PROTECTED ACTIVITY AND ADVERSE EMPLOYMENT ACTION TO OPERATE AS A PROXY FOR THE EVIDENTIARY REQUIREMENT OF CAUSATION, THE ABSENCE OF CLOSE TEMPORAL PROXIMITY IS NOT DISPOSITIVE OF WHETHER A CAUSAL CONNECTION EXISTS BETWEEN PROTECTED ACTIVITY AND ADVERSE ACTION. *MARX V. SCHNUCK MARKETS*, 76 F.3D 324, 329 (10TH CIR. 1996) ("[P]ROTECTED CONDUCT CLOSELY FOLLOWED BY ADVERSE ACTION MAY JUSTIFY AN INFERENCE OF RETALIATORY MOTIVE...[T]HE PHRASE 'CLOSELY FOLLOWED' MUST NOT BE READ TOO RESTRICTIVELY WHERE THE PATTERN OF RETALIATORY CONDUCT BEGINS SOON AFTER THE FILING OF THE...COMPLAINT AND ONLY CULMINATES LATER IN ACTUAL DISCHARGE."); *ROBERTS V. ROADWAY*

*EXPRESS*, 149 F.3D 1098, 1104 (10TH CIR. COLO. 1998) (UPHOLDING FINDING OF RETALIATION WHERE PLAINTIFF WAS TERMINATED ALMOST TWO YEARS AFTER COMPLAINTS OF DISCRIMINATION); SEE ALSO, *MILLER-EL V. COCKRELL*, 537 U.S. 322 (2003)."

**INSTRUCTION NO. 7**

**PROTECTED ACTIVITIES – OPPOSITION (MISTAKEN BUT REASONABLE GOOD FAITH BELIEF)**

THE PLAINTIFF'S [ACTIVITIES IN OPPOSING A PRACTICE HE BELIEVED IS UNLAWFUL UNDER TITLE VII IS PROTECTED ACTIVITY EVEN THOUGH IT IS BASED ON A MISTAKEN BUT REASONABLE GOOD FAITH BELIEF THAT TITLE VII HAS BEEN VIOLATED.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013); *CRUMPACKER V. KAN. DEPT. OF HUMAN RES.*, 338 F.3D 1163, 1171-72 (10TH CIR. 2003) (CITING *CLARK COUNTY SCH. DIST. V. BREEDEN*, 532 U.S. 268, 269 (2001)).

**INSTRUCTION NO. 8**

**PROTECTED ACTIVITIES**

PROTECTED ACTIVITIES INCLUDE MAKING A CHARGE OF DISCRIMINATION, HARASSMENT OR RETALIATION, OR TESTIFYING, ASSISTING OR OTHERWISE PARTICIPATING IN ANY MANNER IN HIS OWN OR SOMEONE ELSE'S CHARGE OF DISCRIMINATION, HARASSMENT OR RETALIATION, INVESTIGATION, PROCEEDING OR HEARING UNDER TITLE VII, ADEA, ADA, ETC.. IN THIS CASE, THE PLAINTIFF ASSERTS THAT HE ENGAGED IN THE FOLLOWING PROTECTED ACTIVITIES: SENT AN EMAIL TO THE POLICE CHIEF ON JULY 23, 2021 REGARDING THE LOSS OF HIS ABILITIES TO CONDUCT FAIR AND IMPARTIAL POLICING TRAINING AND TO CONDUCT POLYGRAPH EXAMINATIONS; FILED A CHARGE OF DISCRIMINATION WITH THE EEOC.

THE PLAINTIFF MUST PROVE THAT HE ACTUALLY PARTICIPATED IN PROTECTED ACTIVITIES, BUT THE PLAINTIFF DOES NOT HAVE TO PROVE THAT THE UNDERLYING CHARGE, INVESTIGATION, PROCEEDING OR HEARING WAS SUCCESSFUL.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013): "42 U.S.C. § 2000E-

3(A) (TITLE VII); 29 U.S.C. § 623(D) (ADEA); 42 U.S.C. § 12203(A) (ADA). SEE ALSO ROBBINS V. JEFFERSON COUNTY SCH. DIST., 186 F.3D 1253 (10TH CIR. 1999), ABROGATED ON OTHER GROUNDS, NAT'L R.R. PASSENGER CORP. V. MORGAN, 536 U.S. 101 (2002); JEFFRIES V. STATE OF KANSAS, 147 F.3D 1220, 1231 (10TH CIR. 1998); SAUERS V. SALT LAKE COUNTY, 1 F.3D 1122, 1128 (10TH CIR. 1993)."

**INSTRUCTION NO. 9**

**BACK PAY**

IF YOU FIND THAT THE DEFENDANT UNLAWFULLY RETALIATED AGAINST THE PLAINTIFF ON THE BASIS OF HIS PROTECTED ACTIVITY, THEN YOU MUST DETERMINE THE AMOUNT OF BACK PAY THAT THE PLAINTIFF PROVED WAS CAUSED BY THE DEFENDANT'S WRONGFUL CONDUCT. IN DETERMINING BACK PAY, YOU MUST MAKE SEVERAL CALCULATIONS: FIRST, CALCULATE THE AMOUNT OF PAY AND BONUSES THAT PLAINTIFF WOULD HAVE EARNED HAD HE NOT BEEN DEMOTED FROM THE DATE OF THAT DEMOTION UNTIL TODAY'S DATE. THEN CALCULATE AND ADD THE VALUE OF THE EMPLOYEE BENEFITS (HEALTH, LIFE AND DENTAL INSURANCE, VACATION LEAVE, ETC.) THAT PLAINTIFF WOULD HAVE RECEIVED HAD HE NOT BEEN DEMOTED FROM THE DATE OF THAT DEMOTION UNTIL THE DATE OF TRIAL. THEN, SUBTRACT FROM THIS SUM THE AMOUNT OF PAY AND BENEFITS THAT PLAINTIFF ACTUALLY EARNED FROM OTHER EMPLOYMENT DURING THIS TIME.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013): FEDERAL EMPLOYMENT JURY INSTRUCTIONS, § 1:1260; MODEL JURY INSTRUCTIONS (CIVIL) EIGHTH CIRCUIT §5.02 (1998).

**INSTRUCTION NO. 10**

**COMPENSATORY DAMAGES**

IF YOU FIND THAT THE DEFENDANT UNLAWFULLY RETALIATED AGAINST THE PLAINTIFF ON THE BASIS OF HIS PROTECTED ACTIVITY, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR PLAINTIFF'S LOSSES. YOU MAY AWARD COMPENSATORY DAMAGES FOR INJURIES THAT THE PLAINTIFF PROVED WERE CAUSED BY THE DEFENDANT'S WRONGFUL CONDUCT. THE

DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION, NO MORE AND NO LESS.

YOU MAY AWARD DAMAGES FOR ANY EMOTIONAL DISTRESS, PAIN, SUFFERING, INCONVENIENCE OR MENTAL ANGUISH, EMBARRASSMENT, HUMILIATION, DAMAGE TO REPUTATION, ETC. THAT PLAINTIFF EXPERIENCED AS A CONSEQUENCE OF THE WRONGFUL CONDUCT. NO EVIDENCE OF MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE. THERE IS NO EXACT STANDARD FOR SETTING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGES. ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

YOU MAY ALSO REIMBURSE THE PLAINTIFF FOR THE VALUE OF OTHER OUT-OF-POCKET LOSSES OR EXPENSES, INCLUDING EXPENSES FOR PAST MEDICAL BILLS, EXPENSES FOR COUNSELING OR MENTAL HEALTH CARE, MOVING EXPENSES, EMPLOYMENT SEARCH EXPENSES BY THE PLAINTIFF. ETC.

IN DETERMINING THE AMOUNT OF ANY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. YOU MUST USE SOUND DISCRETION IN MAKING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE. YOU MAY NOT AWARD DAMAGES BASED ON SPECULATION OR GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

AUTHORITY: 42 U.S.C. § 1981A

**INSTRUCTION NO. 11**

**NOMINAL DAMAGES**

IF YOU RETURN A VERDICT FOR THE PLAINTIFF, BUT FIND THAT THE PLAINTIFF HAS FAILED TO PROVE THAT HE SUFFERED ANY DAMAGES, THEN YOU MUST AWARD THE PLAINTIFF THE NOMINAL AMOUNT OF $1.00.

AUTHORITY: MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, FACULTY OF FEDERAL ADVOCATES, AD HOC COMMITTEE (SEPTEMBER 2013): “SEE MODEL JURY INSTRUCTIONS (CIVIL) EIGHTH CIRCUIT § 5.23 (1999); BARBER V. T.D. WILLIAMSON, INC., 254 F.3D 1223, 1228 (10TH CIR. 2001); SALAZAAR V. ENCINIAS, 2000 U.S. APP. LEXIS 32022, *7-8 (10TH CIR. DEC. 15, 2000).”

**INSTRUCTION NO. 12**

**BUT-FOR CAUSATION – GENERALLY**

FURTHER, FOR AN EMPLOYEE TO PREVAIL ON A RETALIATION CLAIM UNDER TITLE VII, PLAINTIFF MUST PROVE THAT BUT FOR THE FACT THAT HE ENGAGED IN PROTECTED ACTIVITY SHE WOULD NOT HAVE SUFFERED AN ADVERSE EMPLOYMENT ACTION.

THE LAW ALLOWS A PLAINTIFF TO PROVE "BUT-FOR" CAUSATION WITH A VARIETY OF METHODS. "BUT-FOR CAUSATION" CAN BE PROVED WITH ONE METHOD OR A COMBINATION OF METHODS. HOWEVER, NO PARTICULAR METHOD IS REQUIRED, AND NO METHOD IS SUPERIOR TO ANOTHER.

AUTHORITY: *BOSTOCK V. CLAYTON COUNTY*, 140 S. CT. 1731, 1739 (2020); *REEVES V. SANDERSON PLUMBING PRODS., INC.*, 530 U.S. 133, 147 (2000).

**INSTRUCTION NO. 13**

**BUT-FOR CAUSATION – FALSITY**

PLAINTIFF MAY PROVE THE ELEMENT OF "BUT-FOR" CAUSATION WITH EVIDENCE OF FALSITY.

IF THERE ARE WEAKNESSES, IMPLAUSIBILITIES, INCONSISTENCIES, INCOHERENCIES, OR CONTRADICTIONS IN AN EMPLOYER'S EXPLANATION FOR TAKING MATERIALLY ADVERSE EMPLOYMENT ACTIONS AGAINST PLAINTIFF, THE LAW ALLOWS A REASONABLE JUROR TO DRAW THE INFERENCE THAT THE DEFENDANT'S EXPLANATION IS FALSE. SO, YOU MAY INFER THAT PLAINTIFF PROVED "BUT-FOR" CAUSATION IF YOU FIND THAT THE EXPLANATION THE DEFENDANT GAVE FOR TAKING THE ADVERSE EMPLOYMENT ACTION(S) IS FALSE.

AUTHORITY: *WESTMORELAND V. TWC ADMIN. LLC*, 924 F.3D 718, 727 (4TH CIR. 2019); *HAYNES V. WASTE CONNECTIONS, INC.*, 922 F.3D 219, 225 (4TH CIR. 2019); *REEVES V. SANDERSON PLUMBING PRODS., INC.*, 530 U.S. 133, 147-48 (2000).

**INSTRUCTION NO. 14**

**BUT-FOR CAUSATION – CLOSE TEMPORAL PROXIMITY**

THE LAW ALLOWS PLAINTIFF TO PROVE THE ELEMENT OF "BUT-FOR" CAUSATION WITH EVIDENCE OF CLOSE TEMPORAL PROXIMITY AND NOTHING MORE. A REASONABLE JUROR CAN INFER "BUT-FOR" CAUSATION MERELY FROM EVIDENCE OF CLOSE TEMPORAL PROXIMITY BETWEEN AN EMPLOYEE'S PROTECTED ACTIVITY AND THE DEFENDANT'S ADVERSE EMPLOYMENT ACTION.

AUTHORITY: *SEMPOWICH V. TACTILE SYS. TECH.*, 19 F.4TH 643, 654 (4TH CIR. 2021).

**INSTRUCTION NO. 15**
**POST-COMPLAINT CONDUCT**

YOU MAY HAVE HEARD EVIDENCE RELATING TO CITY OF VIRGINIA BEACH'S CONDUCT AFTER PLAINTIFF STARTED THIS LAWSUIT. THIS EVIDENCE MAY INCLUDE EVIDENCE OF SEEMINGLY POSITIVE CHANGES IN PERSONNEL PRACTICES THAT OCCURRED AT SOME POINT AFTER THIS LAWSUIT WAS FILED. CHANGES AN EMPLOYER MAKES TO ITS EMPLOYMENT PRACTICES AFTER BEING SUED MAY BE A RESULT OF THE LAWSUIT AND MAY HAVE BEEN ADOPTED FOR USE AS A DEFENSE TO THE LAWSUIT. THE CHANGE MAY ONLY BE TEMPORARY, AND MAY BE ELIMINATED AFTER THE LAWSUIT ENDS. THEREFORE, ACTIONS TAKEN AFTER A LAWSUIT BEGINS DO NOT PROVE THAT THE DEFENDANT HAS ACTED IN GOOD FAITH, THAT IT DID NOT PREVIOUSLY RETALIATE, OR THAT IT DOES NOT CONTINUE TO RETALIATE AGAINST ITS EMPLOYEES.

AUTHORITY: *LAM V. UNIV. OF HAWAII*, 40 F.3D 1551, 1561 N.17 (9TH CIR. 1994); *BOUMAN V. BLOCK*, 940 F.2D 1211, 1227 (9TH CIR. 1991); *GONZALEZ V. POLICE DEP'T*, 901 F.2D 758, 762 (9TH CIR. 1990); *JAMES V. STOCKHAM VALVES & FITTINGS CO.*, 559 F.2D 310, 325 N.18 (5TH CIR. 1977); *PARHAM V. SOUTHWESTERN BELL TEL. CO.*, 433 F.2D 421, 426 (8TH CIR. 1970).

**INSTRUCTION NO. 16**
**INTERESTED WITNESS – EMPLOYEE OF PARTY**

THE FACT THAT CERTAIN WITNESSES CALLED BY CITY OF VIRGINIA BEACH WERE AND STILL ARE EMPLOYED BY CITY OF VIRGINIA BEACH MAY BE CONSIDERED BY YOU IN DECIDING WHETHER THE TESTIMONY OF ONE OR MORE

OF THESE WITNESSES IS IN ANY WAY INFLUENCED BY THAT EMPLOYMENT RELATIONSHIP WITH CITY OF VIRGINIA BEACH.

AUTHORITY: *MAJESTIC V. LOUISVILLE & N.R. CO.*, 147 F.2D 621, 627 (6TH CIR. 1945).

**INSTRUCTION NO. 17**
**EMPLOYER DUTY TO ELIMINATE KNOWN RETALIATION**

AN EMPLOYER WHO BECOMES AWARE OF RETALIATION IN ITS WORKPLACE MUST TAKE PROMPT ACTION TO CORRECT ITS PRACTICES AND ELIMINATE THE RETALIATION. ANTI-RETALIATION LAWS REQUIRE THE ERADICATION OF RETALIATORY CONDUCT.

IT IS NOT A DEFENSE TO A CLAIM OF RETALIATION THAT AN EMPLOYER HAS ADOPTED ANTI-RETALIATION POLICIES OR PROVIDED TRAINING ON THOSE POLICIES IF THE EMPLOYER FAILS TO ENFORCE THOSE POLICIES.

AUTHORITY: *BAZEMORE V. FRIDAY*, 478 U.S. 385, 394-97 (1986); *WATSON V. FORT WORTH BANK & TRUST*, 487 U.S. 977, 987-88 (1988); *MERITOR SAV. BANK V. VINSON*, 477 U.S. 57, 75 (1986); *CORNING GLASS WORKS V. BRENNAN*, 417 U.S. 188, 205-06 (1974); *SASSAMAN V. GAMACHE*, 566 F.3D 307, 314 (2D CIR. 2009).

**INSTRUCTION NO. 18**
**LIABILITY OF EMPLOYER FOR DECISION-MAKER'S DECISION**

AN EMPLOYER IS RESPONSIBLE FOR RETALIATORY EMPLOYMENT ACTIONS OF ALL PERSONS IT SELECTS TO PLAY A ROLE IN THE DECISION-MAKING PROCESS. ANY EMPLOYEE OF AN EMPLOYER MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY DELEGATED TO HIM BY THE CORPORATION OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

AUTHORITY: 3 FED. JURY PRAC. & INSTR. § 103:31 (O'MALLEY, GRENIG & LEE 6TH ED.) (UPDATED FEB. 2021).

**INSTRUCTION NO. 19**
**DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE**

"DIRECT EVIDENCE" IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY, IF BELIEVED, BY A WITNESS ABOUT WHAT THE WITNESS SAID OR HEARD OR DID.

"CIRCUMSTANTIAL EVIDENCE" IS SIMPLY A CHAIN OF CIRCUMSTANCES THAT INDIRECTLY PROVES A FACT.

YOU SHOULD CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU ARE TO DECIDE HOW MUCH WEIGHT TO GIVE ANY AND ALL EVIDENCE.

AUTHORITY: 3 FED. JURY PRAC. & INSTR. § 101:42 (O'MALLEY, GRENIG & LEE 6TH ED.) (UPDATED FEB. 2021).

**INSTRUCTION NO. 20**
**PREPONDERANCE OF THE EVIDENCE**

YOU, AS THE JURY, ARE CHARGED WITH DECIDING THE FACTS PRESENTED TO YOU, AND DETERMINING WHETHER PLAINTIFF HAS PRESENTED ENOUGH EVIDENCE IN SUPPORT OF THE RETALIATION CLAIMS TO FIND IN HIS FAVOR. IN DOING SO, YOU ARE ASKED TO DETERMINE WHETHER PLAINTIFF HAS ESTABLISHED THE ELEMENTS OF TITLE VII BY A "PREPONDERANCE OF THE EVIDENCE."

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE IN THIS CASE, YOU MAY CONSIDER THE

TESTIMONY OF (1) ALL WITNESSES (BOTH IN PERSON OR PRESENTED BY DEPOSITION TESTIMONY), REGARDLESS OF WHO MAY HAVE CALLED THEM, AND (2) ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IT IS YOUR JOB TO DETERMINE WHICH WITNESSES AND EXHIBITS YOU FIND MORE PERSUASIVE.

TO ACHIEVE A "PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THIS CASE MEANS THAT WHEN YOU CONSIDER AND COMPARE ALL THE EVIDENCE IN THE CASE, YOU FIND THAT THE PLAINTIFF'S EVIDENCE AS A WHOLE HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MIND A BELIEF THAT IT IS MORE LIKELY TRUE THAT THE PLAINTIFF HAS SUFFERED RETALIATION, THAN NOT TRUE.

TO REACH THIS CONCLUSION, YOU NEED NOT FIND THAT EACH AND EVERY WITNESS OR EXHIBIT PROVIDED BY THE PLAINTIFF WAS MORE PERSUASIVE THAN ANY COUNTER TESTIMONY OR EVIDENCE PROVIDED BY THE DEFENDANT. INSTEAD, YOU MUST MAKE A DETERMINATION REGARDING THE EVIDENCE AS A WHOLE.

AUTHORITY: 3C FED. JURY PRAC. & INSTR. §§ 171:60, 171:61 (O'MALLEY, GRENIG & LEE 6TH ED.) (UPDATED FEB. 2021); *DESERT PALACE, INC. V. COSTA*, 539 U.S. 90, 99-102 (2003).