**INSTRUCTION NO. ____**

WE ARE ABOUT TO BEGIN THE TRIAL OF THE CASE YOU HEARD ABOUT DURING THE JURY SELECTION. BEFORE THE TRIAL BEGINS, I AM GOING TO GIVE YOU INSTRUCTIONS THAT WILL HELP YOU TO UNDERSTAND WHAT WILL BE PRESENTED TO YOU AND HOW YOU SHOULD CONDUCT YOURSELF DURING THE TRIAL.

DURING THE TRIAL YOU WILL HEAR ME USE A FEW TERMS THAT YOU MAY NOT HAVE HEARD BEFORE. LET ME BRIEFLY EXPLAIN SOME OF THE MOST COMMON TO YOU. THE PARTY WHO SUES IS CALLED THE PLAINTIFF. IN THIS ACTION, THE PLAINTIFF IS [MICHAEL BANKS]. THE PARTY BEING SUED IS CALLED THE DEFENDANT. IN THIS ACTION, THE DEFENDANT IS [THE CITY OF VIRGINIA BEACH].

YOU WILL SOMETIMES HEAR ME REFER TO "COUNSEL." "COUNSEL" IS ANOTHER WAY OF SAYING "LAWYER" OR "ATTORNEY." I WILL SOMETIMES REFER TO MYSELF AS THE "COURT."

WHEN I "SUSTAIN" AN OBJECTION, I AM EXCLUDING THAT EVIDENCE FROM THIS TRIAL FOR A GOOD REASON. WHEN YOU HEAR THAT I HAVE "OVERRULED" AN OBJECTION, I AM PERMITTING THAT EVIDENCE TO BE ADMITTED.

WHEN I SAY "ADMITTED INTO EVIDENCE" OR "RECEIVED INTO EVIDENCE," I MEAN THAT THIS PARTICULAR STATEMENT OR THE PARTICULAR EXHIBIT MAY BE CONSIDERED BY YOU IN MAKING THE DECISIONS YOU MUST MAKE AT THE END OF THE CASE.

BY YOUR VERDICT, YOU WILL DECIDE DISPUTED ISSUES OF FACT. I WILL DECIDE ALL QUESTIONS OF LAW THAT ARISE DURING THE TRIAL. BEFORE YOU BEGIN YOUR DELIBERATION AT THE CLOSE OF THE CASE, I WILL INSTRUCT YOU IN MORE DETAIL ON THE LAW THAT YOU MUST FOLLOW AND APPLY.

BECAUSE YOU WILL BE ASKED TO DECIDE THE FACTS OF THIS CASE, YOU SHOULD GIVE CAREFUL ATTENTION TO THE TESTIMONY AND EVIDENCE PRESENTED. KEEP IN MIND THAT I WILL INSTRUCT YOU AT THE END OF THE TRIAL ABOUT DETERMINING THE CREDIBILITY OR “BELIEVABILITY” OF THE WITNESSES. DURING THE TRIAL YOU SHOULD KEEP AN OPEN MIND AND SHOULD NOT FORM OR EXPRESS ANY OPINION ABOUT THE CASE UNTIL YOU HAVE HEARD ALL THE TESTIMONY AND EVIDENCE, THE LAWYERS' CLOSING ARGUMENTS, AND MY INSTRUCTIONS TO YOU ON THE LAW.

WHILE THE TRIAL IS IN PROGRESS, YOU MUST NOT DISCUSS THE CASE IN ANY MANNER AMONG YOURSELVES OR WITH ANYONE ELSE. IN ADDITION, YOU SHOULD NOT PERMIT ANYONE TO DISCUSS THE CASE IN YOUR PRESENCE.

YOU SHOULD AVOID READING ANY NEWS ARTICLES THAT MIGHT BE PUBLISHED ABOUT THE CASE. YOU SHOULD ALSO AVOID WATCHING OR LISTENING TO ANY TELEVISION OR RADIO COMMENTS OR COMMENTS ON THE INTERNET ABOUT THE TRIAL.

FROM TIME-TO-TIME DURING THE TRIAL, I MAY MAKE RULINGS ON OBJECTIONS OR MOTIONS MADE BY THE LAWYERS. IT IS A LAWYER'S DUTY TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THE LAWYER BELIEVES IS NOT ADMISSIBLE. YOU SHOULD NOT BE BIASED OR PARTIAL

AGAINST A LAWYER OR THE LAWYER'S CLIENT BECAUSE THE LAWYER HAS MADE OBJECTIONS. IF I SUSTAIN OR UPHOLD AN OBJECTION TO A QUESTION THAT GOES UNANSWERED BY THE WITNESS, YOU SHOULD NOT DRAW ANY INFERENCES OR CONCLUSIONS FROM THE QUESTION. YOU SHOULD NOT INFER OR CONCLUDE FROM ANY RULING OR OTHER COMMENT I MAY MAKE THAT I HAVE ANY OPINIONS ON THE MERITS OF THE CASE FAVORING ONE SIDE OR THE OTHER. I DO NOT FAVOR ONE SIDE OR THE OTHER.

THE LAWYERS ARE NOT ALLOWED TO SPEAK WITH YOU DURING THIS CASE. WHEN YOU SEE THE LAWYERS AT A RECESS OR PASS THEM IN THE HALLS AND THEY DO NOT SPEAK TO YOU, THEY ARE NOT BEING RUDE OR UNFRIENDLY; THEY ARE SIMPLY FOLLOWING THE LAW.

DURING THE TRIAL, IT MAY BE NECESSARY FOR ME TO TALK WITH THE LAWYERS OUT OF YOUR HEARING ABOUT QUESTIONS OF LAW OR PROCEDURE. SOMETIMES, YOU MAY BE EXCUSED FROM THE COURTROOM DURING THESE DISCUSSIONS. I WILL TRY TO LIMIT THESE INTERRUPTIONS AS MUCH AS POSSIBLE, BUT YOU SHOULD REMEMBER THE IMPORTANCE OF THE MATTER YOU ARE HERE TO DETERMINE AND SHOULD BE PATIENT EVEN THOUGH THE CASE MAY SEEM TO GO SLOWLY.

**INSTRUCTION NO. ____**

THE CASE WILL PROCEED AS FOLLOWS:

FIRST, THE LAWYERS FOR EACH SIDE MAY MAKE OPENING STATEMENTS. WHAT IS SAID IN THE OPENING STATEMENTS IS NOT EVIDENCE BUT IS SIMPLY AN OUTLINE OR SUMMARY TO HELP YOU UNDERSTAND WHAT EACH PARTY EXPECTS THE EVIDENCE TO SHOW. A PARTY IS NOT REQUIRED TO MAKE AN OPENING STATEMENT.

AFTER THE OPENING STATEMENTS, PLAINTIFF [BANKS] WILL PRESENT EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS AND DEFENDANT [CITY OF VIRGINIA BEACH]'S LAWYER MAY CROSS-EXAMINE THE WITNESSES. AT THE CONCLUSION OF PLAINTIFF'S CASE, THE DEFENDANT MAY INTRODUCE EVIDENCE AND PLAINTIFF'S LAWYER MAY CROSS-EXAMINE THE WITNESSES. DEFENDANT IS NOT REQUIRED TO INTRODUCE ANY EVIDENCE OR TO CALL ANY WITNESSES. IF DEFENDANT INTRODUCES EVIDENCE, PLAINTIFF MAY THEN PRESENT REBUTTAL EVIDENCE.

AFTER THE EVIDENCE IS PRESENTED, THE PARTIES' LAWYERS MAKE CLOSING ARGUMENTS EXPLAINING WHAT THEY BELIEVE THE EVIDENCE HAS SHOWN. WHAT IS SAID IN THE CLOSING ARGUMENTS IS NOT EVIDENCE.

FINALLY, I WILL INSTRUCT YOU ON THE LAW THAT YOU ARE TO APPLY IN REACHING YOUR VERDICT. YOU WILL THEN DECIDE THE CASE.

**INSTRUCTION NO. ____**

AS FAR AS YOUR OWN CONDUCT DURING THE TRIAL, I MUST CAUTION YOU THAT YOU ARE NOT TO DISCUSS THIS CASE EITHER AMONG YOURSELVES OR WITH ANYONE ELSE DURING THE TRIAL.

YOU MUST NOT PERMIT ANY THIRD PERSON TO DISCUSS THIS CASE IN YOUR PRESENCE, AND IF ANYONE DOES SO, DESPITE YOUR TELLING THEM NOT TO, YOU SHOULD REPORT THAT FACT TO ME. I UNDERSTAND THAT IT IS A NORMAL HUMAN TENDENCY TO WANT TO TALK WITH PEOPLE WITH WHOM ONE COMES INTO CONTACT; HOWEVER, PLEASE DO NOT, DURING THE TIME YOU SERVE ON THIS JURY, SPEAK, WHETHER IN OR OUT OF THE COURTROOM, WITH ANY OF THE PARTIES OR THEIR LAWYERS OR ANY WITNESSES. BY THIS I MEAN NOT ONLY DO NOT SPEAK ABOUT THE CASE BUT ALSO DO NOT SPEAK AT ALL EVEN TO PASS THE TIME OF DAY. IN NO OTHER WAY CAN ALL THE PARTIES BE ASSURED OF THE ABSOLUTE IMPARTIALITY THEY ARE ENTITLED TO EXPECT FROM YOU AS JURORS.

IT IS IMPORTANT THAT THIS TRIAL IS TREATED SERIOUSLY AND THAT THE JURY MAINTAINS PROPER DECORUM IN THE COURTROOM. PLEASE REFRAIN FROM TALKING TO EACH OTHER WHILE WE ARE ON THE RECORD. PLEASE DO NOT REACT WITH ANY COMMENTS OR OTHER AUDIBLE RESPONSE TO ANY QUESTIONS ASKED BY COUNSEL OR ANSWERS GIVEN BY THE WITNESSES.

IN FAIRNESS TO THE PARTIES TO THIS LAWSUIT, YOU SHOULD KEEP AN OPEN MIND THROUGHOUT THE TRIAL, REACHING YOUR CONCLUSION ONLY DURING YOUR FINAL DELIBERATIONS AFTER ALL THE EVIDENCE IS IN AND YOU HAVE HEARD THE ATTORNEYS' CLOSING ARGUMENTS AND MY INSTRUCTIONS ON THE

LAW. YOU WILL THEN BE IN A POSITION TO INTELLIGENTLY AND FAIRLY EXCHANGE YOUR VIEWS WITH OTHER JURORS AS YOU DELIBERATE UPON THE VERDICT TO BE SUBMITTED TO YOU.

SINCE YOU WILL BE DECIDING THIS CASE SOLELY ON THE EVIDENCE RECEIVED ALONG WITH MY INSTRUCTIONS ON THE LAW, YOU MUST NOT MAKE ANY INDEPENDENT INVESTIGATION OF THE FACTS OR THE LAW.

DO NOT RESEARCH ANY INFORMATION THAT YOU PERSONALLY THINK MIGHT BE HELPFUL TO YOU IN UNDERSTANDING THE ISSUES PRESENTED.

DO NOT INVESTIGATE THIS CASE ON YOUR OWN IN ANY MANNER, SHAPE OR FORM.

DO NOT READ ANY NEWSPAPER REPORTS OR LISTEN TO ANY NEWS REPORTS ON RADIO, TELEVISION OR ON THE INTERNET.

DO NOT CONDUCT EXPERIMENTS.

DO NOT CONSULT DICTIONARIES, COMPUTERS, WEBSITES OR OTHER REFERENCE MATERIALS FOR ADDITIONAL INFORMATION.

DO NOT SEEK INFORMATION REGARDING THE PUBLIC RECORDS OF ANY PARTY, WITNESS OR LAWYER IN THIS CASE. ANY INFORMATION YOU OBTAIN OUTSIDE THE COURTROOM COULD BE MISLEADING, INACCURATE, OR INCOMPLETE. RELYING ON THIS INFORMATION IS UNFAIR BECAUSE THE PARTIES WOULD NOT HAVE THE OPPORTUNITY TO REFUTE, EXPLAIN OR CORRECT IT.

DO NOT COMMUNICATE WITH ANYONE ABOUT THIS TRIAL OR YOUR EXPERIENCE AS A JUROR WHILE YOU ARE SERVING ON THIS JURY.

DO NOT USE A COMPUTER, CELL PHONE, OR OTHER ELECTRONIC DEVICE WITH COMMUNICATION CAPABILITIES TO SHARE ANY INFORMATION ABOUT THIS CASE. FOR EXAMPLE, DO NOT COMMUNICATE BY BLOG, EMAIL, TEXT MESSAGE, TWITTER, FACEBOOK STATUS UPDATE, OR IN ANY OTHER WAY, ON OR OFF THE COMPUTER.

DO NOT PERMIT ANYONE TO COMMUNICATE WITH YOU. IF ANYONE DOES SO DESPITE YOUR TELLING THE PERSON NOT TO, YOU SHOULD REPORT THAT TO ME. I APPRECIATE THAT IT IS TEMPTING WHEN YOU GO HOME IN THE EVENING TO DISCUSS THIS CASE WITH ANOTHER MEMBER OF YOUR HOUSEHOLD OR FRIENDS, BUT YOU MAY NOT DO SO. THIS CASE MUST BE DECIDED BY YOU THE JURORS, BASED ON THE EVIDENCE PRESENTED IN THE COURTROOM. PEOPLE NOT SERVING ON THIS JURY HAVE NOT HEARD THE EVIDENCE, AND IT IS IMPROPER FOR THEM TO INFLUENCE YOUR DELIBERATIONS AND DECISION IN THIS CASE. AFTER THIS TRIAL IS COMPLETED, YOU ARE FREE TO COMMUNICATE WITH ANYONE IN ANY MANNER.

THESE RULES ARE INTENDED TO ASSURE THAT JURORS REMAIN IMPARTIAL THROUGHOUT THE TRIAL. IF ANY JUROR HAS REASON TO BELIEVE THAT ANOTHER JUROR HAS VIOLATED THESE RULES, YOU SHOULD REPORT THAT TO ME. IF JURORS DO NOT COMPLY WITH THESE RULES, IT WOULD RESULT IN A NEW TRIAL INVOLVING ADDITIONAL TIME AND SIGNIFICANT EXPENSE TO THE PARTIES AND THE TAXPAYERS.

**INSTRUCTION NO. ____**

DURING THE TRIAL, I MAY SOMETIMES ASK A WITNESS QUESTIONS. PLEASE DO NOT ASSUME THAT I HAVE ANY OPINION ABOUT THE SUBJECT MATTER OF MY QUESTIONS.

**INSTRUCTION NO. ____**

THE EVIDENCE IN THE CASE WILL CONSIST OF THE FOLLOWING:

1. THE SWORN TESTIMONY OF THE WITNESSES, NO MATTER WHO CALLED A WITNESS.

2. ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THE EXHIBITS.

3. ALL FACTS THAT MAY HAVE BEEN JUDICIALLY NOTICED AND THAT YOU MUST TAKE AS TRUE FOR PURPOSES OF THIS CASE.

DEPOSITIONS MAY ALSO BE RECEIVED IN EVIDENCE. DEPOSITIONS CONTAIN SWORN TESTIMONY, WITH THE LAWYERS FOR EACH PARTY BEING ENTITLED TO ASK QUESTIONS. IN SOME CASES, A DEPOSITION MAY BE PLAYED FOR YOU ON VIDEOTAPE. DEPOSITION TESTIMONY MAY BE ACCEPTED BY YOU, SUBJECT TO THE SAME INSTRUCTIONS THAT APPLY TO WITNESSES TESTIFYING IN OPEN COURT.

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT [CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY]. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

I MAY TAKE JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN I DECLARE THAT I WILL TAKE JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MUST ACCEPT THAT FACT AS TRUE.

IF I SUSTAIN AN OBJECTION TO ANY EVIDENCE OR IF I ORDER EVIDENCE STRICKEN, THAT EVIDENCE MUST BE ENTIRELY IGNORED.

SOME EVIDENCE IS ADMITTED FOR A LIMITED PURPOSE ONLY. WHEN I INSTRUCT YOU THAT AN ITEM OF EVIDENCE HAS BEEN ADMITTED FOR A LIMITED PURPOSE, YOU MUST CONSIDER IT ONLY FOR THAT LIMITED PURPOSE AND FOR NO OTHER PURPOSE.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE YOU ARE NOT LIMITED TO THE STATEMENTS OF THE WITNESS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFIED. FROM THE FACTS THAT YOU FIND HAVE BEEN PROVED, YOU MAY DRAW SUCH REASONABLE INFERENCES OR CONCLUSIONS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

AT THE END OF THE TRIAL YOU WILL HAVE TO MAKE YOUR DECISION BASED ON WHAT YOU RECALL OF THE EVIDENCE. YOU WILL NOT HAVE A WRITTEN TRANSCRIPT TO CONSULT, AND IT IS DIFFICULT AND TIME CONSUMING FOR THE REPORTER TO READ BACK LENGTHY TESTIMONY. I URGE YOU TO PAY CLOSE ATTENTION TO THE TESTIMONY AS IT IS GIVEN.

**INSTRUCTION NO. ____**

DURING THIS TRIAL, I WILL PERMIT YOU TO TAKE NOTES. YOU ARE NOT REQUIRED TO TAKE NOTES. IF YOU DO NOT TAKE NOTES, YOU SHOULD NOT BE INFLUENCED BY ANOTHER JUROR'S NOTES BUT SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

BECAUSE MANY COURTS DO NOT PERMIT NOTETAKING BY JURORS, A WORD OF CAUTION IS IN ORDER. YOU MUST NOT ALLOW YOUR NOTETAKING TO DISTRACT YOU FROM THE PROCEEDINGS.

FREQUENTLY, THERE IS A TENDENCY TO ATTACH TOO MUCH IMPORTANCE TO WHAT A PERSON WRITES DOWN. SOME TESTIMONY THAT IS CONSIDERED UNIMPORTANT AT THE TIME PRESENTED AND NOT WRITTEN DOWN MAY TAKE ON GREATER IMPORTANCE LATER IN THE TRIAL IN LIGHT OF ALL THE EVIDENCE PRESENTED, THE FINAL ARGUMENTS, AND MY INSTRUCTIONS ON THE LAW.

ACCORDINGLY, YOU ARE INSTRUCTED THAT YOUR NOTES ARE ONLY A TOOL TO AID YOUR OWN INDIVIDUAL MEMORY, AND YOU SHOULD NOT COMPARE YOUR NOTES WITH OTHER JURORS IN DETERMINING THE CONTENT OF ANY TESTIMONY OR IN EVALUATING THE IMPORTANCE OF ANY EVIDENCE. YOUR NOTES ARE NOT EVIDENCE AND ARE BY NO MEANS A COMPLETE OUTLINE OF THE PROCEEDINGS OR A LIST OF THE HIGHLIGHTS OF THE TRIAL. YOUR MEMORY SHOULD BE YOUR GREATEST ASSET WHEN IT COMES TIME TO DECIDING THIS CASE.

**INSTRUCTION NO. ____**

IN DECIDING THE FACTS, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, PART OF IT, OR NONE OF IT. IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT MANY FACTORS, INCLUDING THE WITNESS' OPPORTUNITY AND ABILITY TO SEE OR HEAR OR KNOW THE THINGS THE WITNESS TESTIFIED ABOUT; THE QUALITY OF THE WITNESS' MEMORY; THE WITNESS' APPEARANCE AND MANNER WHILE TESTIFYING; THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE; ANY BIAS OR PREJUDICE THE WITNESS MAY H AVE; OTHER EVIDENCE THAT MAY HAVE CONTRADICTED THE WITNESS' TESTIMONY; AND THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE. THE WEIGHT OF THE EVIDENCE DOES NOT NECESSARILY DEPEND UPON THE NUMBER OF WITNESSES WHO TESTIFY.

**INSTRUCTION NO. ____**

IN DECIDING THE FACTS OF THIS CASE, YOU ARE NOT TO CONSIDER THE FOLLOWING AS EVIDENCE: STATEMENTS AND ARGUMENTS OF THE LAWYERS, QUESTIONS AND OBJECTIONS OF THE LAWYERS, TESTIMONY THAT I INSTRUCT YOU TO DISREGARD, AND ANYTHING YOU MAY SEE OR HEAR WHEN THE COURT IS NOT IN SESSION EVEN IF WHAT YOU SEE OR HEAR IS DONE OR SAID BY ONE OF THE PARTIES OR BY ONE OF THE WITNESSES.

**INSTRUCTION NO. ____**

AFTER ALL THE EVIDENCE HAS BEEN HEARD AND ARGUMENTS AND INSTRUCTIONS ARE FINISHED, YOU WILL MEET TO MAKE YOUR DECISION. YOU WILL DETERMINE THE FACTS FROM ALL THE TESTIMONY AND OTHER EVIDENCE THAT IS PRESENTED. YOU ARE THE SOLE AND EXCLUSIVE JUDGE OF THE FACTS. I MUST STRESS THAT YOU MUST ACCEPT THE RULES OF LAW THAT I GIVE YOU, WHETHER OR NOT YOU AGREE WITH THEM.

THE LAW PERMITS ME TO COMMENT ON THE EVIDENCE IN THE CASE DURING THE TRIAL OR WHILE INSTRUCTING THE JURY. SUCH COMMENTS ARE ONLY EXPRESSIONS OF MY OPINION AS TO THE FACTS. YOU MAY DISREGARD THESE COMMENTS ENTIRELY, BECAUSE YOU ARE TO DETERMINE FOR YOURSELF THE WEIGHT OF THE EVIDENCE AND THE CREDIBILITY OF EACH OF THE WITNESSES.

**INSTRUCTION NO. ____**

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ABOUT THE APPLICABLE LAW. IT IS YOUR DUTY TO FOLLOW THE LAW AS I WILL STATE IT. YOU MUST APPLY THE LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. DO NOT SINGLE OUT ONE INSTRUCTION AS STATING THE LAW, BUT CONSIDER THE INSTRUCTIONS AS A WHOLE. DO NOT BE CONCERNED ABOUT THE WISDOM OF ANY RULE OF LAW STATED BY ME. YOU MUST FOLLOW AND APPLY THE LAW.

[THE LAWYERS HAVE REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF THERE IS ANY DIFFERENCE BETWEEN THE LAW STATED BY THE LAWYERS AND THESE INSTRUCTIONS, YOU MUST FOLLOW MY INSTRUCTIONS.]

NOTHING I SAY IN THESE INSTRUCTIONS INDICATES I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE. YOU, NOT I, HAVE THE DUTY TO DETERMINE THE FACTS.

YOU MUST PERFORM YOUR DUTIES AS JURORS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT YOU TO BE CONTROLLED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION. ALL PARTIES EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE, FOLLOW THE LAW AS IT IS NOW BEING GIVEN TO YOU, AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

**INSTRUCTION NO. ____**

YOU MAY USE THE NOTES TAKEN BY YOU DURING THE TRIAL. THE NOTES, HOWEVER, SHOULD NOT BE SUBSTITUTED FOR YOUR MEMORY. REMEMBER, NOTES ARE NOT EVIDENCE. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON YOUR NOTES

**INSTRUCTION NO. ____**

THROUGHOUT YOUR DELIBERATIONS, YOU MAY DISCUSS WITH EACH OTHER THE EVIDENCE AND THE LAW THAT HAS BEEN PRESENTED IN THIS CASE, BUT YOU MUST NOT COMMUNICATE WITH ANYONE ELSE BY ANY MEANS ABOUT THE CASE. YOU ALSO CANNOT LEARN FROM OUTSIDE SOURCES ABOUT THE CASE, THE MATTERS IN THE CASE, THE LEGAL ISSUES IN THE CASE, OR INDIVIDUALS OR OTHER ENTITIES INVOLVED IN THE CASE. THIS MEANS YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA (SUCH AS A PHONE, COMPUTER, OR TABLET), THE INTERNET, ANY TEXT OR INSTANT MESSAGING SERVICE, OR ANY SOCIAL MEDIA APPS (SUCH AS X (FORMERLY KNOWN AS TWITTER), FACEBOOK, INSTAGRAM, LINKEDLN, YOUTUBE, WHATSAPP, AND SNAPCHAT) TO RESEARCH OR COMMUNICATE ABOUT WHAT YOU'VE SEEN AND HEARD IN THIS COURTROOM.

THESE RESTRICTIONS CONTINUE DURING DELIBERATIONS BECAUSE IT IS ESSENTIAL, UNDER OUR CONSTITUTION, THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE AND LAW PRESENTED IN THIS COURTROOM. INFORMATION YOU FIND ON THE INTERNET OR THROUGH SOCIAL MEDIA MAY BE INCOMPLETE, MISLEADING, OR INACCURATE. AS I NOTED IN MY INSTRUCTIONS AT THE START OF THE TRIAL, EVEN USING YOUR SMARTPHONES, TABLETS, AND COMPUTERS - AND THE NEWS AND SOCIAL MEDIA APPS ON THOSE DEVICES - MAY INADVERTENTLY EXPOSE YOU TO CERTAIN NOTICES, SUCH AS POP-UPS OR ADVERTISEMENTS, THAT COULD INFLUENCE YOUR CONSIDERATION OF THE MATTERS YOU'VE HEARD ABOUT IN THIS COURTROOM.

YOU ARE PERMITTED TO DISCUSS THE CASE WITH ONLY YOUR FELLOW JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE AND INSTRUCTIONS ON THE LAW THAT YOU HAVE, AND IT IS IMPORTANT THAT YOU DECIDE THIS CASE SOLELY ON THE EVIDENCE PRESENTED DURING THE TRIAL, WITHOUT UNDUE INFLUENCE BY ANYTHING OR ANYONE OUTSIDE OF THE COURTROOM. FOR THIS REASON, I EXPECT YOU TO INFORM ME AT THE EARLIEST OPPORTUNITY SHOULD YOU LEARN ABOUT OR SHARE ANY INFORMATION ABOUT THIS CASE OUTSIDE OF THIS COURTROOM OR THE JURY ROOM, OR LEARN THAT ANOTHER JUROR HAS DONE SO.

**INSTRUCTION NO. ____**

YOU SHOULD CONSIDER AND DECIDE THIS CASE AS A DISPUTE BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. A [MUNICIPALITY SUCH AS THE CITY OF VIRGINIA BEACH] IS ENTITLED TO THE SAME FAIR TRIAL AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING [MUNICIPALITIES SUCH AS THE CITY OF VIRGINIA BEACH], STAND EQUAL BEFORE THE LAW, AND ARE TO BE TREATED AS EQUALS.

**INSTRUCTION NO. ____**

UNLESS YOU ARE OTHERWISE INSTRUCTED, THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES REGARDLESS OF WHO CALLED THE WITNESS, ALL EXHIBITS RECEIVED IN EVIDENCE REGARDLESS OF WHO MAY HAVE PRODUCED THEM, AND ALL FACTS AND EVENTS THAT MAY HAVE BEEN ADMITTED OR STIPULATED TO [AND ALL FACTS AND EVENTS THAT MAY HAVE BEEN JUDICIALLY NOTICED].

STATEMENTS AND ARGUMENTS BY THE LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENT, CLOSING ARGUMENTS, AND AT OTHER TIMES IS INTENDED TO HELP YOU UNDERSTAND THE EVIDENCE, BUT IT IS NOT EVIDENCE. HOWEVER, WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE ON THE EXISTENCE OF A FACT, UNLESS OTHERWISE INSTRUCTED, YOU MUST ACCEPT THE STIPULATION AND REGARD THAT FACT AS PROVED.

[I HAVE TAKEN JUDICIAL NOTICE OF THE FOLLOWING FACTS: [STATE JUDICIALLY NOTICED FACTS]. YOU MUST ACCEPT MY DECLARATION AS EVIDENCE AND REGARD THOSE FACTS AS PROVEN.]

ANY EVIDENCE TO WHICH I HAVE SUSTAINED AN OBJECTION AND EVIDENCE THAT I HAVE ORDERED STRICKEN MUST BE ENTIRELY DISREGARDED.

**INSTRUCTION NO. ____**

THE LAW PERMITS ME TO COMMENT ON THE EVIDENCE IN THE CASE. THESE COMMENTS ARE ONLY AN EXPRESSION OF MY OPINION AS TO THE EVIDENCE. YOU MAY DISREGARD MY COMMENTS ENTIRELY, SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS AND ARE NOT BOUND BY MY COMMENTS OR OPINIONS.

**INSTRUCTION NO. ____**

IF A LAWYER ASKS A WITNESS A QUESTION CONTAINING AN ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION AS EVIDENCE OF THAT FACT. THE LAWYER'S QUESTIONS AND STATEMENTS ARE NOT EVIDENCE.

**INSTRUCTION NO. ____**

YOU MUST FOLLOW THESE RULES WHILE DELIBERATING AND RETURNING YOUR VERDICT:

FIRST, WHEN YOU GO TO THE JURY ROOM, YOU MUST SELECT A [FOREPERSON]. THE [FOREPERSON] WILL PRESIDE OVER YOUR DISCUSSIONS AND SPEAK FOR YOU HERE IN COURT.

SECOND, IT IS YOUR DUTY, AS JURORS, TO DISCUSS THIS CASE WITH ONE ANOTHER IN THE JURY AND TRY TO REACH AGREEMENT.

EACH OF YOU MUST MAKE YOUR OWN CONSCIENTIOUS DECISION, BUT ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF THE OTHER JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINIONS IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT MAKE A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT, OR SIMPLY FOR THE SAKE OF REACHING A VERDICT. REMEMBER AT ALL TIMES THAT YOU ARE JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

THIRD, IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, SEND ME A NOTE SIGNED BY ONE OR MORE OF YOU. GIVE THE NOTE TO THE [MARSHAL] AND I WILL ANSWER YOU AS SOON AS I CAN, EITHER IN WRITING OR HERE IN COURT. WHILE YOU ARE DELIBERATING, DO NOT TELL ANYONE—INCLUDING ME—HOW MANY JURORS ARE VOTING FOR ANY SIDE.

FOURTH, YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW I HAVE GIVEN TO YOU IN THESE INSTRUCTIONS. THE VERDICT MUST BE UNANIMOUS. NOTHING I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.

FINALLY, THE VERDICT FORM IS SIMPLY THE WRITTEN NOTICE OF THE DECISION THAT YOU REACH IN THIS CASE. [THE FORM READS: [QUOTE]]. YOU WILL TAKE THIS FORM TO THE JURY ROOM, AND WHEN EACH OF YOU HAS AGREED ON THE VERDICT, YOUR [FOREPERSON] WILL FILL IN THE FORM, SIGN AND DATE IT, AND ADVISE THE MARSHAL OR BAILIFF THAT YOU ARE READY TO RETURN TO THE COURTROOM.

**INSTRUCTION NO. ____**

PLAINTIFF [BANKS] HAS THE BURDEN OF PROVING EACH AND EVERY ELEMENT OF PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE. IF YOU FIND THAT PLAINTIFF [BANKS] HAS NOT PROVED ANY ONE OF THE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST RETURN A VERDICT FOR DEFENDANT [CITY OF VIRGINIA BEACH].

**INSTRUCTION NO. ____**

"TO PROVE BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE SOMETHING IS MORE LIKELY THAN NOT SO. IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, UNLESS OTHERWISE INSTRUCTED YOU MAY CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

YOU MAY HAVE HEARD OF THE TERM "PROOF BEYOND A REASONABLE DOUBT." THAT IS A STRICTER STANDARD APPLICABLE IN CRIMINAL CASES. IT DOES NOT APPLY IN CIVIL CASES SUCH AS THIS. YOU SHOULD, THEREFORE, PUT IT OUT OF YOUR MINDS.

**INSTRUCTION NO. ____**

WHEN I INSTRUCT YOU THAT A PARTY HAS THE BURDEN OF PROOF ON ANY PROPOSITION, OR USE THE EXPRESSION "IF YOU FIND," OR "IF YOU DECIDE," I MEAN THAT YOU MUST BE PERSUADED, CONSIDERING ALL THE EVIDENCE IN THE CASE THAT THE PROPOSITION IS MORE PROBABLY TRUE THAN NOT.

**INSTRUCTION NO. ____**

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE PRESENTED DURING A TRIAL—DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS TO HAVE ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "INDIRECT OR CIRCUMSTANTIAL" EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OR NONEXISTENCE OF A FACT.

THE LAW GENERALLY MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. A GREATER DEGREE OF CERTAINTY IS NOT REQUIRED OF CIRCUMSTANTIAL EVIDENCE. YOU ARE REQUIRED TO FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

**INSTRUCTION NO. ____**

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. YOU ARE NOT LIMITED, HOWEVER, TO THE STATEMENTS OF THE WITNESSES. FROM THE FACTS YOU FIND HAVE BEEN PROVED, YOU MAY DRAW SUCH REASONABLE INFERENCES AS SEEM JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

"INFERENCES" ARE DEDUCTIONS OR CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM FACTS ESTABLISHED BY THE EVIDENCE IN THE CASE.

**INSTRUCTION NO. ____**

UNLESS OUTWEIGHED BY EVIDENCE TO THE CONTRARY, YOU MAY FIND AN OFFICIAL DUTY HAS BEEN REGULARLY PERFORMED, PRIVATE TRANSACTIONS HAVE BEEN FAIR AND REGULAR, THE ORDINARY COURSE OF BUSINESS OR EMPLOYMENT HAS BEEN FOLLOWED, THINGS HAVE HAPPENED ACCORDING TO THE ORDINARY COURSE OF NATURE AND THE ORDINARY HABITS OF LIFE, AND THE LAW HAS BEEN OBEYED.

**INSTRUCTION NO. ____**

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES. YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF A WITNESS, OR BY THE MANNER IN WHICH A WITNESS TESTIFIES, OR BY THE CHARACTER OF THE TESTIMONY GIVEN, OR BY EVIDENCE CONTRARY TO THE TESTIMONY.

YOU SHOULD CAREFULLY EXAMINE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE TENDING TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR OR MANNER WHILE TESTIFYING.

CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH THE WITNESS HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. ALSO, CONSIDER ANY RELATION EACH WITNESS MAY HAVE WITH EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT, AND THE EXTENT TO WHICH THE TESTIMONY OF EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS SEEING AN EVENT MAY SEE OR HEAR IT DIFFERENTLY.

IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, THAT YOU MAY THINK IT DESERVES. IN SHORT, YOU MAY ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS, IN WHOLE OR IN PART.

IN ADDITION, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING TO THE EXISTENCE OR NONEXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

**INSTRUCTION NO. ____**

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, THAT IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU MAY GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, IF ANY, YOU THINK IT DESERVES.

IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY ABOUT ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' OTHER TESTIMONY AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY THINK IT DESERVES.

AN ACT OR OMISSION IS “KNOWINGLY” DONE, IF THE ACT IS DONE VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

**INSTRUCTION NO. ____**

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS IN ISSUE AT THIS TRIAL.

**INSTRUCTION NO. ____**

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH OF YOU. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT DISREGARD OF INDIVIDUAL JUDGMENT. YOU MUST EACH DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS; YOU ARE JUDGES—JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

**INSTRUCTION NO. ____**

PLAINTIFF [BANKS] CLAIMS DEFENDANT [CITY OF VIRGINIA BEACH] RETALIATED AGAINST PLAINTIFF BECAUSE PLAINTIFF TOOK STEPS TO ENFORCE PLAINTIFF'S LAWFUL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

TITLE VII PROHIBITS DISCRIMINATION IN THE WORKPLACE AND ALSO PROHIBITS AN EMPLOYER FROM TAKING ANY RETALIATORY ACTION AGAINST AN EMPLOYEE BECAUSE THE EMPLOYEE HAS ASSERTED RIGHTS OR MADE COMPLAINTS UNDER THOSE LAWS.

PLAINTIFF CLAIMS DEFENDANT [DISABLED PLAINTIFF'S ACCESS TO THE VBPD HEADQUARTERS BUILDING AND REQUIRED PLAINTIFF TO RETURN HIS KEY TO THE INTERNAL AFFAIRS OFFICE] AS RETALIATION FOR PLAINTIFF [EMAILING CAPTAIN MCBRIEN ON JULY 23, 2021, TO REQUEST A MEETING WITH CHIEF NEUDIGATE TO DISCUSS PLAINTIFF'S INABILITY TO CONDUCT FIP TRAINING AND POLYGRAPH EXAMINATIONS].

DEFENDANT DENIES PLAINTIFF'S CLAIM AND ASSERTS THAT [THE DECISION TO LIMIT PLAINTIFF'S ACCESS TO VBPD HEADQUARTERS AND TO REQUIRE PLAINTIFF TO RETURN HIS INTERNAL AFFAIRS OFFICE KEY WAS MADE FOR LEGITIMATE, NON-RETALIATORY REASONS, INCLUDING THAT PLAINTIFF NO LONGER REQUIRED UNLIMITED ACCESS TO VBPD HEADQUARTERS AS HE HAD BEEN EARLIER REASSIGNED FROM INTERNAL AFFAIRS TO THE SECOND PRECINCT, AND, IN ANY CASE, THESE DECISIONS WERE MADE PRIOR TO THE JULY 23, 2021 EMAIL.].

PLAINTIFF FURTHER CLAIMS DEFENDANT [DEMOTED PLAINTIFF FROM THE RANK OF SERGEANT TO MATER POLICE OFFICER] AS RETALIATION FOR PLAINTIFF [FILING A CHARGE OF DISCRIMINATION WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION].

DEFENDANT DENIES PLAINTIFF'S CLAIM AND ASSERTS THAT [PLAINTIFF WAS DEMOTED BASED ON THE FINDINGS OF AN INTERNAL AFFAIRS INVESTIGATION THE SUBSTANTIATED CHARGES OF CONDUCT UNBECOMING AND DISOBEDIENCE OF ORDERS, AND DEFENDANT FURTHER ASSERTS THAT IT WAS UNAWARE OF PLAINTIFF'S FILING A CHARGE OF DISCRIMINATION UNTIL AFTER PLAINTIFF'S DEMOTION].

**INSTRUCTION NO. ____**

TO SUCCEED ON PLAINTIFF'S [RETALIATION] CLAIM, PLAINTIFF MUST PROVE EACH OF THE FOLLOWING FACTS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST: PLAINTIFF ENGAGED IN A PROTECTED ACTIVITY;

SECOND: DEFENDANT THEN TOOK AN ADVERSE EMPLOYMENT ACTION;

THIRD: DEFENDANT TOOK THE ADVERSE EMPLOYMENT ACTION AS RETALIATION FOR PLAINTIFF'S PROTECTED ACTIVITY; AND

FOURTH: PLAINTIFF SUFFERED DAMAGES ON ACCOUNT OF THE RETALIATORY ADVERSE EMPLOYMENT ACTION.

[IN THE VERDICT FORM THAT I WILL EXPLAIN IN A MOMENT, YOU WILL BE ASKED TO ANSWER QUESTIONS ABOUT THESE FACTUAL ISSUES.]

**INSTRUCTION NO. ____**

[FOR THE FIRST ELEMENT, THE PARTIES STIPULATE AND AGREE THAT PLAINTIFF ENGAGED IN PROTECTED ACTIVITY BY (1) EMAILING CAPTAIN MCBRIEN ON JULY 23, 2021, TO REQUEST A MEETING WITH CHIEF NEUDIGATE TO DISCUSS PLAINTIFF'S INABILITY TO CONDUCT FIP TRAINING AND POLYGRAPH EXAMINATIONS AND (2) FILING A CHARGE OF DISCRIMINATION WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION].

FOR THE SECOND ELEMENT, PLAINTIFF CLAIMS DEFENDANT TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF WHEN DEFENDANT [LIMITED PLAINTIFF'S ACCESS TO VBPD HEADQUARTERS, REQUIRED PLAINTIFF TO RETURN HIS INTERNAL AFFAIRS OFFICE KEY, AND DEMOTED PLAINTIFF]. YOU MUST DECIDE WHETHER [THESE ARE] AN ADVERSE EMPLOYMENT ACTION[S].

AN "ADVERSE EMPLOYMENT ACTION" IS ANY TYPE OF ACTION THAT WOULD HAVE MADE A REASONABLE EMPLOYEE RELUCTANT TO MAKE OR SUPPORT A CHARGE OF DISCRIMINATION. PUT ANOTHER WAY, IF A REASONABLE EMPLOYEE WOULD BE LESS LIKELY TO COMPLAIN ABOUT OR OPPOSE ALLEGED DISCRIMINATION BECAUSE THE EMPLOYEE KNEW THAT THE EMPLOYER WOULD [LIMIT ACCESS TO BUILDING TO WHICH THEY WERE NO LONGER ASSIGNED, REQUIRE THE RETURN OF A KEY TO AN OFFICE TO WHICH THEY WERE NO LONGER ASSIGNED, OR DEMOTE THEM], THEN THAT ACTION IS AN ADVERSE EMPLOYMENT ACTION. IF THE EMPLOYMENT ACTION WOULD NOT MAKE IT LESS LIKELY FOR A REASONABLE EMPLOYEE TO MAKE COMPLAINTS ABOUT OR OPPOSE THE ALLEGED DISCRIMINATION, IT IS NOT AN ADVERSE EMPLOYMENT ACTION.

FOR THE THIRD ELEMENT, IF YOU FIND THAT PLAINTIFF ENGAGED IN PROTECTED ACTIVITY AND THAT DEFENDANT TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF, YOU MUST DECIDE WHETHER DEFENDANT TOOK THAT ACTION BECAUSE OF PLAINTIFF'S PROTECTED ACTIVITY. IN OTHER WORDS, YOU MUST DECIDE WHETHER PLAINTIFF'S PROTECTED ACTIVITY WAS THE MAIN REASON FOR DEFENDANT'S DECISION.

TO DETERMINE THAT DEFENDANT TOOK AN ADVERSE EMPLOYMENT ACTION BECAUSE OF PLAINTIFF'S PROTECTED ACTIVITY, YOU MUST DECIDE THAT DEFENDANT WOULD NOT HAVE TAKEN THE ACTION HAD PLAINTIFF NOT ENGAGED IN THE PROTECTED ACTIVITY BUT EVERYTHING ELSE HAD BEEN THE SAME.

DEFENDANT CONTENDS DEFENDANT DID NOT [LIMIT PLAINTIFF'S ACCESS TO VBPD HEADQUARTERS, REQUIRE PLAINTIFF TO RETURN HIS INTERNAL AFFAIRS OFFICE KEY, OR DEMOTE PLAINTIFF] BECAUSE OF PLAINTIFF'S [JULY 23, 2021 EMAIL OR HIS FILING A EEOC CHARGE OF DISCRIMINATION WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION] AND THAT DEFENDANT INSTEAD TOOK THE ACTION FOR [LEGITIMATE EMPLOYMENT REASONS]. AN EMPLOYER MAY NOT TAKE AN ADVERSE ACTION AGAINST AN EMPLOYEE BECAUSE OF THE EMPLOYEE'S PROTECTED ACTIVITY. BUT AN EMPLOYER MAY [LIMIT AN EMPLOYEE'S ACCESS TO BUILDING TO WHICH THEY WERE NO LONGER ASSIGNED, REQUIRE AN EMPLOYEE THE RETURN OF A KEY TO AN OFFICE TO WHICH THEY WERE NO LONGER ASSIGNED, OR DEMOTE AN EMPLOYEE] FOR ANY OTHER LEGITIMATE EMPLOYMENT REASON, WHETHER

GOOD OR BAD, FAIR OR UNFAIR. IF YOU BELIEVE DEFENDANT'S DECISION[S] WERE TAKEN FOR NON-RETALIATORY REASONS, AS THEY CONTEND, AND YOU FIND DEFENDANT DID NOT MAKE DEFENDANT'S DECISION[S] BECAUSE OF PLAINTIFF'S PROTECTED ACTIVITY, YOU MUST NOT SECOND GUESS THAT DECISION, AND YOU MUST NOT SUBSTITUTE YOUR OWN JUDGMENT FOR DEFENDANT'S JUDGMENT — EVEN IF YOU DO NOT AGREE WITH IT.

IF YOU DO NOT FIND THAT DEFENDANT TOOK RETALIATORY ACTIONS BASED UPON PLAINTIFF’S PROTECTED ACTIVITIES, YOU NEED NOT DECIDE THE FOURTH ELEMENT. HOWEVER, IF YOU DO FIND THE DEFENDANT TOOK ACTION AS RETALIATION FOR PLAINTIFF’S PROTECTED ACTIVITIES, YOU MUST THEN DECIDE WHETHER DEFENDANT'S ACTS WERE THE PROXIMATE CAUSE OF ANY DAMAGES THAT PLAINTIFF CLAIMS HE SUSTAINED. PUT ANOTHER WAY, YOU MUST DECIDE, IF DEFENDANT HAD NOT [LIMITED PLAINTIFF’S ACCESS TO VBPD HEADQUARTERS, REQUIRED PLAINTIFF TO RETURN HIS INTERNAL AFFAIRS OFFICE KEY, AND/OR DEMOTED PLAINTIFF], WOULD THESE DAMAGES HAVE OCCURRED?]

IF YOU FIND DEFENDANT'S ACTS WERE THE PROXIMATE CAUSE OF DAMAGES THAT PLAINTIFF INCURRED, YOU MUST DETERMINE THE AMOUNT OF DAMAGES.

**INSTRUCTION NO. ____**

AN "ADVERSE EMPLOYMENT ACTION" IS ANY TYPE OF ACTION THAT WOULD HAVE MADE A REASONABLE EMPLOYEE RELUCTANT TO MAKE OR SUPPORT A CHARGE OF DISCRIMINATION. PUT ANOTHER WAY, IF A REASONABLE EMPLOYEE WOULD BE LESS LIKELY TO COMPLAIN ABOUT OR OPPOSE ALLEGED DISCRIMINATION BECAUSE THE EMPLOYEE KNEW THAT THE EMPLOYER WOULD [LIMIT ACCESS TO BUILDING TO WHICH THEY WERE NO LONGER ASSIGNED, REQUIRE THE RETURN OF A KEY TO AN OFFICE TO WHICH THEY WERE NO LONGER ASSIGNED, OR DEMOTE THEM], THEN THAT ACTION IS AN ADVERSE EMPLOYMENT ACTION. IF THE EMPLOYMENT ACTION WOULD NOT MAKE IT LESS LIKELY FOR A REASONABLE EMPLOYEE TO MAKE COMPLAINTS ABOUT OR OPPOSE THE ALLEGED DISCRIMINATION, IT IS NOT AN ADVERSE EMPLOYMENT ACTION.

**INSTRUCTION NO. ____**

EVEN IF AN EMPLOYER IS MISTAKEN AND ITS BUSINESS JUDGMENT IS WRONG, AN EMPLOYER IS ENTITLED TO MAKE ITS OWN POLICY AND BUSINESS JUDGMENT. AN EMPLOYER MAY MAKE THOSE EMPLOYMENT DECISIONS AS IT SEES FIT, AS LONG AS IT IS NOT UNLAWFUL.

IN DETERMINING [WHY DEFENDANT TOOK ANY ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF], YOU MAY NOT QUESTION DEFENDANT'S BUSINESS JUDGMENT. [PLAINTIFF’S RETALIATION CLAIM] IS NOT ESTABLISHED JUST BECAUSE YOU DISAGREE WITH THE BUSINESS JUDGMENT OF DEFENDANT [CITY OF VIRGINIA BEACH UNLESS YOU FIND THAT AN ADVERSE EMPLOYMENT ACTION OCCURRED BECAUSE OF PLAINTIFF’S ENGAGING IN PROTECTED ACTIVITY].

**INSTRUCTION NO. ____**

IF YOU FIND DEFENDANT [CITY OF VIRGINIA BEACH] [RETALIATED] AGAINST PLAINTIFF [BANKS] BASED ON PLAINTIFF'S [ENGAGED IN PROTECTED ACTIVITY], THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR PLAINTIFF'S DAMAGES. YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES PLAINTIFF [BANKS] PROVES WERE CAUSED BY DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT.

THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION—NO MORE AND NO LESS.

YOU MAY AWARD DAMAGES FOR ANY PAIN, SUFFERING OR MENTAL ANGUISH THAT PLAINTIFF [BANKS] EXPERIENCED AS A CONSEQUENCE OF DEFENDANT'S [ALLEGED UNLAWFUL RETALIATION]. NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL.

IN DETERMINING THE AMOUNT OF ANY DAMAGES YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY COMMON SENSE. YOU MUST USE SOUND JUDGMENT IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE. YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION, OR GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF [BANKS] PROVE THE AMOUNT OF PLAINTIFF'S LOSSES

WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

**INSTRUCTION NO. ____**

IF YOU DETERMINE DEFENDANT [CITY OF VIRGINIA BEACH] [RETALIATED] AGAINST PLAINTIFF [BANKS] IN [DEMOTING] PLAINTIFF, THEN YOU MUST DETERMINE THE AMOUNT OF DAMAGES THAT DEFENDANT'S ACTIONS HAVE CAUSED PLAINTIFF.

YOU MAY AWARD AS ACTUAL DAMAGES AN AMOUNT THAT REASONABLY COMPENSATES PLAINTIFF [BANKS] FOR ANY LOST WAGES AND BENEFITS, TAKING INTO CONSIDERATION ANY INCREASES IN SALARY AND BENEFITS, INCLUDING PENSION, PLAINTIFF WOULD HAVE RECEIVED HAD PLAINTIFF NOT BEEN DISCRIMINATED AGAINST.

YOU MUST REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES PLAINTIFF [BANKS]WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

**INSTRUCTION NO. ____**

IF YOU FIND IN FAVOR OF PLAINTIFF [BANKS] UNDER INSTRUCTION ___ BUT YOU FIND PLAINTIFF'S DAMAGES HAVE NO MONETARY VALUE, THEN YOU MUST RETURN A VERDICT FOR PLAINTIFF IN THE NOMINAL AMOUNT OF ONE DOLLAR.

**INSTRUCTION NO. ____**

THE FACT I HAVE INSTRUCTED YOU AS TO THE PROPER MEASURE OF DAMAGES SHOULD NOT BE CONSIDERED AS INDICATING ANY VIEW OF MINE AS TO WHICH PARTY IS ENTITLED TO YOUR VERDICT IN THIS CASE. INSTRUCTIONS AS TO THE MEASURE OF DAMAGES ARE GIVEN FOR YOUR GUIDANCE ONLY IN THE EVENT YOU SHOULD FIND IN FAVOR OF THE PLAINTIFF FROM A PREPONDERANCE OF THE EVIDENCE IN THE CASE IN ACCORDANCE WITH THE OTHER INSTRUCTIONS.

**INSTRUCTION NO. ____**

NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY VERDICT FORM PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR CONVEY IN ANY WAY OR MANNER ANY SUGGESTION OR HINT AS TO WHAT VERDICT I THINK YOU SHOULD FIND. WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

**INSTRUCTION NO. ____**

IF, DURING YOUR DELIBERATIONS, IT BECOMES NECESSARY TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY A BAILIFF, SIGNED BY YOUR [FOREPERSON] OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME BY ANY MEANS OTHER THAN A SIGNED WRITING. I WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHERWISE THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFFS, YOU WILL NOTE THAT THEY TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON—NOT EVEN TO ME—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.