UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL BANKS,

   Plaintiff,

  v.         CIVIL ACTION NO.: 2:24-cv-149

CITY OF VIRGINIA BEACH,

   Defendant.

*MEMORANDUM OPINION AND ORDER*

  Before the Court is Plaintiff's request for equitable relief resulting from a jury verdict in the above-styled matter to resolve a retaliation claim brought under Title VII. For the reasons set forth herein, Plaintiff's request for equitable relief is **GRANTED in part.**

## I. FACTUAL AND PROCEDURAL HISTORY

  On March 6, 2024, Michael Banks ("Plaintiff") filed an Amended Complaint against the City of Virginia Beach ("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* ECF No. 6. On September 26, 2025, a jury found that the City of Virginia Beach retaliated against Banks. ECF No. 69. The jury awarded Banks $137,000 in damages, and the Court entered a judgment in that amount. ECF Nos. 69, 77. Still remaining for the Court to determine is the question of the equitable relief Banks has requested.

## II. LEGAL STANDARD

  Title VII's philosophical purpose is to provide remedies to make victims of discrimination whole. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975) (recognizing damages alone often do not account for other harms sustained by discriminatory acts). Title VII provides that if a court finds that a defendant has intentionally engaged in an unlawful employment practice, "the court may . . . order such affirmative action as may be appropriate, which may include, but is not

limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer . . .), or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1).

The Fourth Circuit has recognized awards of equitable relief to be a matter for the judge, not the jury. *Duke v. Uniroyal Inc.*, 928 F.2d 1413 (4th Cir. 1991). When a party exercises their right to a jury trial on an issue, courts must resolve any equitable claim in light of the jury's determination of the legal claim. *Med-Therapy Rehab. Servs., Inc. v. Diversicare Corp. of Am.*, 16 F.3d 410, at *3 (4th Cir. 1994) (citing *Lincoln v. Board of Regents*, 697 F.2d 928, 934 (11th Cir.), *cert. denied*, 464 U.S. 826 (1983) (holding that the district court's judgment in that case was not inconsistent with the jury's verdict)). "The facts on which the judge bases his equitable relief must not contravene the facts as found by the jury." *Med-Therapy Rehab. Servs., Inc.*, 16 F.3d 410, at *3 (4th Cir. 1994) (citing *In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988) ("It is well-settled that the 'court may not make findings' contrary to or inconsistent with the jury's resolution . . . of that same issue as implicitly reflected in its general verdict.")).

## III. DISCUSSION

Banks requests equitable relief in the form of a declaratory judgment, back pay, front pay, interest, lost benefits, reinstatement, promotion, and injunctive relief. ECF No. 6. The Court finds the following to be appropriate.

### *Back Pay*

Banks seeks back pay for the time he was demoted. The United States Supreme Court has recognized that back pay should presumptively be awarded to prevailing plaintiffs in Title VII cases. *Albemarle Paper Co.*, 422 U.S. at 421 (1975) (finding back pay should only be denied for reasons which "would not frustrate the central statutory purposes of eradicating discrimination

throughout the economy and making persons whole for injuries suffered through past discrimination."). In calculating a back pay award, the back pay amount is calculated by determining "the difference between what the employee would have earned had the wrongful conduct not occurred . . . and the actual earnings during that period." *Crump v. United States Dep't of Navy*, 205 F. Supp. 3d 730, 760 (E.D. Va. 2016) (quoting *Ford v. Rigidply Rafters, Inc.*, 984 F. Supp. 386, 389 (D. Md. 1997)). Courts should also include other kinds of employment compensation and benefits, such as reasonably anticipated salary increases, when possible. *See Crump*, 205 F. Supp. at 760 (E.D. Va. 2016) (citing *Long v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc.*, 9 F.3d 340 (4th Cir. 1993)).

The Court would begin calculating the back pay award by determining the difference between Banks' salary as a Sergeant and his actual earnings while demoted. *Ford*, 984 F. Supp. at 389 (D. Md. 1997). During trial, Banks's testimony reflected that he suffered a $10,000 salary reduction—from $101,000 to $91,000—as a result of his demotion and that he had been demoted for three years. *See* Jury Trial Tr. Excerpt, Sept. 23 Banks Trial Test., at 100:2-10, ECF No. 79. However, the Court finds Banks's back pay award should include consideration of his annual raises—both those he actually received as a Master Police Officer and those he would have received as Sergeant had he not been demoted.

Although not admitted into evidence at trial, Banks provided his comprehensive salary breakdown over the years as an exhibit in his Memorandum in Opposition to the City's Motion for Summary Judgment. ECF No. 54, Ex. 16. According to the exhibit, Banks's salary was $100,922.37 per year at the time of his demotion on August 4, 2022. *Id.* After his demotion from Sergeant to Master Police Officer in 2022, Banks's salary was reduced to $91,539.76. *Id.* Banks then received raises in 2023 and 2024, bringing his salary to $95,689.10, and $98,497.36,

3

respectively. *Id.* Banks did not enter into evidence the relevant information to calculate the yearly raises he would have received as Sergeant. *Crump*, 205 F. Supp. at 760 (E.D. Va. 2016) ("[T]he burden is on Plaintiff to present evidence to establish the amount of back pay and lost benefits to which she is entitled.").[1] However, in the interest of justice, the Court will not penalize Banks for failing to prove the negative or provide information to which he did not have access as a result of being demoted.

Therefore, in light of the testimony and the annual raises demonstrated in the exhibit at the summary judgment stage, the Court will exercise its discretion and award a blanket $10,000 per year in lost salary earnings to estimate the raises Banks would have received. Because Banks was demoted in August 2022 and the judgment was entered in October 2025, the Court intends to award back pay for three years and two months. Accordingly, the Court calculates Banks's back pay for 38 months as $31,667.00.

*Pre- and Post-Judgment Interest*

Banks also requests the Court award prejudgment interest on his back pay award. Whether to award prejudgment interest, and its rate, is a matter left to the discretion of the trial court. *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc); *Hylind v. Xerox Corp.*, 481 Fed. App'x 819, 822 (4th Cir. 2012). Prejudgment interest furthers Title VII's aim to make victims whole. *United States v. Gregory*, 818 F.2d 1114, 1118 (4th Cir. 1987). "An award of interest ensures that inflation does not consume the value of a back pay award, and ensures that a discriminating employer does not reap an unfair benefit from 'the inherent delays of litigation.'" *Ford*, 984 F. Supp. at 391 (D. Md. 1997) (quoting Koral, *Litigation of Damages in Employment Discrimination Cases*, 522 PLI/Lit. 161, 167-68 (1995)).

---

[1] The Court is also unable to calculate any lost benefits Plaintiff may have suffered and, as such, will decline to award any.

4

The state statutory interest rate may be used to calculate prejudgment interest. *United States Equal Emp. Opportunity Comm'n v. Key Mgmt. Partners, Inc.*, No. 8:21-CV-02496-PX, 2024 WL 4569875 (D. Md. Oct. 24, 2024) (quoting *Quesinberry*, 987 F.2d at 1031); *see also Crump*, 205 F. Supp. at 730 (E.D. Va. 2016) (finding Virginia's statutory rate of six percent compounded annually to be appropriate in calculating prejudgment interest). Virginia's statutory rate is six percent (6%). Va. Code Ann. § 6.2-302. The Fourth Circuit has also established that an award of prejudgment interest should be calculated "on each installment of Plaintiff's wages from the date they would have been due, less interim earnings." *Hyde v. Land-of-Sky Reg'l Council*, 572 F.2d 988, 993 (4th Cir. 1978) (finding the calculation of interest in installments proper, rather than interest on the entire sum due). Without having complete information about Banks's salary payments, the Court has determined that each annual installment of Banks's lost wages was $10,000. Thus, the Court applies Virginia's 6% interest rate to each year's installment of the back pay award, compounded annually, and calculates $4,091.00 in prejudgment interest for the 38 months of back pay.

Further, pursuant to 28 U.S.C. § 1961, the Court will also award post-judgment interest, and such interest shall be calculated as required by § 1961.

*Reinstatement*

The Fourth Circuit has held that reinstatement is preferable to front pay as an equitable remedy for addressing potential future losses. *Duke*, 928 F.2d at 1424 (4th Cir. 1991). "Thus, once a jury finds an employer discriminated against an employee, a jury verdict in favor of the employee is 'res judicata for the purposes of the equitable claim for reinstatement.'" *U.S. ex rel. Herndon v. Appalachian Reg'l Cmty. Head Start, Inc.*, 2010 WL 1141537, at *2 (W.D. Va. Mar. 20, 2010) (citing *In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988)).

During trial, Banks testified that he was on the "short list" for promotion to Lieutenant at the time of the retaliation. *See* Jury Trial Tr. Excerpt, Sept. 23 Banks Trial Test., at 100:12-101:15,

ECF No. 80. Indeed, Chief Neudigate's testimony also established that Banks would have been seriously considered for the promotion, had it not been for these series of events. *See Jury Trial Tr. Excerpt*, Sept. 24 Neudigate Trial Test., 188:10-22, ECF No. 80. As such, the Court finds that Banks was performing satisfactorily in his rank as Sergeant before the retaliatory actions led to his demotion. The Court therefore orders that Banks be reinstated to his position of Sergeant and position as an investigator in Internal Affairs.

*Injunctive Relief*

Finally, the Court turns to the request for injunctive relief. Title VII gives federal courts broad authority to order injunctive relief. 42 U.S.C. § 2000e-5(g). Here, the Court finds it proper to grant Banks's request that the City of Virginia Beach remove from his personnel file negative information related to his demotion that would pose a barrier to his career advancement. Additionally, with regard to future employment opportunities, the City of Virginia Beach should respond neutrally to any request for references on Banks's behalf. *See United States Equal Emp. Opportunity Comm'n*, 2024 WL 4569875, at *4 (D. Md. Oct. 24, 2024).

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** back pay of $31,667.00, prejudgment interest of $4,091.00, reinstatement, and injunctive relief as detailed above. The Court further **ORDERS** an award of post-judgment interest beginning on the date of the Judgment entered. ECF No. 77. Defendant shall comply with this Order no later than November 10, 2025.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 8 , 2025

Raymond A. Jackson
United States District Judge

6