UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL BANKS,

   Plaintiff,

v.              CIVIL ACTION NO.: 2:24-cv-149

CITY OF VIRGINIA BEACH,

   Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Michael Banks's ("Plaintiff") Motion for Attorneys' Fees and Costs. ECF No. 97 ("Pl.'s Mot."). The City of Virginia Beach ("Defendant") responded in opposition. ECF No. 109 ("Resp. Opp."). Plaintiff replied. ECF No. 112 ("Reply"). After reviewing the parties' filings, this matter is ripe for judicial determination. For the reasons below, Plaintiff's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 14, 2024, Plaintiff filed an Amended Complaint against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* ECF No. 6. A four-day jury trial was conducted. ECF Nos. 65-68. On September 26, 2025, a jury returned a verdict finding Defendant retaliated against Plaintiff and awarded him $137,000 in damages. ECF Nos. 69, 77. On November 13, 2025, Plaintiff filed a Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d)(2), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988, and a Memorandum in Support of the Motion. ECF Nos. 97, 98.

### II. LEGAL STANDARD

"Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil

1

rights litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Id.* A prevailing plaintiff should recover attorneys' fees "unless special circumstances would render such an award unjust." *Id.* (internal quotation omitted). "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). The United States Court of Appeals for the Fourth Circuit allows a "district court to deny a request for attorneys' fees in its entirety when the amount of fees requested by the prevailing party is so outrageously excessive as to shock the conscience of the court." *Fair Hous. Council of Greater Washington v. Landow*, 999 F.2d 92, 96 (4th Cir. 1993). Under 42 U.S.C. § 1988(b), the fee award must be reasonable.

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley*, 461 U.S. at 441 (Burger, C.J., concurring).

To calculate an award for attorneys' fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313,

320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorneys due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D. Va. 1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's

3

adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiff seeks $78,085.00 in attorneys' fees for 223.1 hours, and $2,427.55 in reasonable and necessary costs. Pl.'s Mot. He also seeks attorneys' fees on behalf of his prior counsel in the amount of $29,393.00. *Id.* Defendant argues that the award of attorneys' fees should be reduced on multiple bases. Resp. Opp. at 1. As a threshold matter, Defendant argued Plaintiff failed to provide sufficient evidence to establish Attorney Teague's hourly rate. *Id.* at 2. The Court granted Plaintiff leave to file an affidavit from independent counsel regarding the reasonableness of his hourly rate. ECF No. 114. On January 14, 2025, Plaintiff filed an affidavit. ECF No. 121. As such, the matter is ripe for the Court's review of the merits.

Defendant asserts that the requested fees should be reduced on eight bases: 1) the hourly rate is not reasonable in light of Attorney Teague's relevant experience; 2) the rate of certain time entries should be reduced because the entries include services customarily performed by support staff; 3) the rate for travel time should be reduced by 50%; 4) 48.2 hours of billed clerical work should be reduced; 5) 14.8 hours of work completed prior to client engagement should be reduced; 6) the overall fee should be reduced by 20% for block billing, inaccuracies, non-contemporaneous billing, and unnecessary motions billing; 7) prior counsel's fees and costs should not be awarded; and 8) all requested costs should be excluded for failure to produce documentation and reasonableness of the costs. *See* Resp. Opp. at 10-11. The Court will address each argument in turn.

### A. Reasonable Attorneys' Fees

#### i. Reasonableness of the Hourly Rates

The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). This "can be accomplished through affidavits from disinterested counsel, evidence of awards in similar cases, or other specific evidence that allows the court to determine 'actual rates which counsel can command in the market.'" *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 710 (E.D. Va. 2012). The third, fifth, sixth, and ninth *Johnson* factors also concern the reasonable rate. These factors include the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly*, 790 F.2d at 1075 n.2.

Plaintiff proffers an hourly rate of $350.00. Pl.'s Mot. at 7. Defendant challenges Plaintiff's rate, arguing the rate is unreasonable in light of the "duration and depth of [Attorney Teague's] relevant experience." Resp. Opp. at 5. Plaintiff also provided an affidavit from Attorney Leonard A. Bennett to supplement his request for reasonable attorneys' fees. ECF No. 121. Both Plaintiff's Motion and Attorney Bennett's Affidavit emphasize Attorney Teague's 16 years of experience as an attorney. Pl.'s Mot., Ex. 1; ECF No. 121 ¶ 23. Attorney Teague has substantial experience practicing in this district and in various areas of law. Pl.'s Mot., Ex. 1. As such, Attorney Teague is well situated to receive the average market rate for attorneys in this area.

Attorney Bennett declared that Attorney Teague's $350 hourly rate "is below the lowest hourly rate any attorney in [his] law firm charges and is below the rate other employment lawyers in Richmond and Norfolk with similar years of practice customarily." ECF No. 121 ¶ 22. The Court's own experience with prevailing market rates in the Norfolk areas reflects Attorney Bennett's observation. *Id.* ("Mr. Teague's hourly rate should be *at least* $350.00 per hour."). The Court finds no reason to justify deviating from the market rate in this case.

In light of Attorney Leonard Bennett's evaluation and the Court's familiarity with the prevailing market rate, the Court finds an hourly rate of $350 to be reasonable.

### ii. Billing of Paralegal Work

The Court must next determine the hours that were "reasonably expended." *See Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). Defendant challenges the reasonableness of the number of hours claimed on several bases. Resp. Opp. at 7.

First, Defendant argues that 10.6 hours requested should be reduced because the corresponding time entries include services customarily performed by support staff. Resp. Opp. at 4. "[P]urely clerical or secretarial tasks should not be billed at [an attorney rate or] a paralegal rate, regardless of who performs them." *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929 (E.D. Va. 2015) (internal citation and quotation marks omitted); *see Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992) ("[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them."). Although Plaintiff's counsel does not have any support staff, any clerical services he performed should be charged at paralegal rates. Defendant attaches Attorney Collins' affidavit which states the local market paralegal rate is $90 per hour. ECF No.

109-1 ¶ 27 ("Collins Decl."). The Court finds this rate reasonable based on precedent and Attorney Collins analysis.

However, Defendant relies on Attorney Collins' affidavit, which points to 10.6 hours she believes should be billed at $90 per hour, totaling $954, rather than $3,710 at the current $350 rate. Resp. Opp. at 4-5; Collins Decl. ¶ 27 and Ex. A. Upon review of the entries Attorney Collins suggests are purely paralegal tasks, the Court cannot agree. The time entries in question include work that is legal in nature and involves trial strategy work, such as determining the relevancy of exhibits and how they will be entered into evidence, verifying facts for an affidavit, and preparing witness subpoenas. Collins Decl., Ex. A. The Court understands that "verifying proper Bluebook citation format" could be assigned as a paralegal task, however, it is included in a time entry that has a significant amount of additional work billed only as 0.1 hour. *Id.* As such, the Court finds it unnecessary to split hairs in attempting to sever that entry down to a smaller increment.

### iii. Billing of Travel Time

Additionally, Defendant argues any travel time billed should be reduced by half. Resp. Opp. at 4; Collins Decl. ¶ 28. The Court finds this persuasive and in line with precedent. *See Prison Legal News v. Stolle*, 129 F. Supp. 3d 390, 404 (E.D. Va. 2015), *aff'd*, 681 F. App'x 182 (4th Cir. 2017) (finding a reduced hourly fee for travel time of $200 from $400 as adequate to compensate the attorney). As such, the Court will reduce his $350 hourly rate for travel to $175 per hour to compensate him for the time he spent traveling to litigate this case. In total, Attorney Teague billed for thirty minutes of travel, meaning the appropriate amount awarded for travel fees is $87.50.

### iv. Billing of Clerical Work and Work Completed Prior to Engagement

Next, Defendant argues that 48.2 hours should not be included at all because they include clerical tasks that "are ordinarily a part of a law office's overhead." Resp. Opp. at 5; Collins Decl.

¶ 37 and Ex. C. Although Plaintiff's counsel's time entries could be more organized, the Court does not find the amount of time spent on any clerical work included in these entries to be significant enough to warrant a reduction.

Defendant also objects to the inclusion of 14.8 hours Plaintiff's counsel recorded prior to filing his Notice of Appearance because Defendant asserts pre-engagement work should not be compensable. ECF No. 98-2 at 4-5. Attorney Teague filed his Notice of Appearance on June 13, 2025. ECF No. 43. However, the time entries indicate that Plaintiff retained Attorney Teague prior to his Notice of Appearance filing. ECF No. 98-2 at 3-4. The Court is unable to determine exactly when Plaintiff's counsel's engagement began. An attorney would not bill a client for time spent prior to engagement discussing the terms of the engagement, and thus such hours are not appropriate to bill to Defendant here. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal citations omitted) ("[H]ours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority."). The Court will reduce the entries that appear to involve solely discussing the terms of engagement. Such entries include 0.2 hours billed on May 22, 2025, 0.5 hours billed on May 23, 2025, and 0.3 hours billed on June 3, 2025. Excluding these entries reduces the 14.8 hours at issue by 1 hour, resulting in 13.8 hours.

In contrast, courts in this district have rejected blanket challenges to all "pre-complaint work" and only excluded time entries that "appear to involve activities that are not reasonably tied to the litigation." *Prison Legal News v. Stolle*, 129 F. Supp. 3d 390, 398-99 (E.D. Va. 2015), *aff'd*, 681 F. App'x 182 (4th Cir. 2017) ("That said, the Supreme Court has likewise recognized that, '[o]f course, some of the services performed before a lawsuit is formally commenced ... are performed 'on the litigation' ... [including] the work associated with the development of the theory of the case. . . . [A] review of the case-specific record reveals that some pre-complaint hours are

not compensable, while other time spent investigating the facts and researching the law are compensable."). Similarly, here, the Court finds the 13.8 remaining hours of work in question to be reasonable and recoverable. Plaintiff's counsel entered this case mid-litigation and conducted this work in service of speedy motion practice. The relevant time entries indicate that the pre-appearance work was not solely "discussing terms of the litigation" but was associated with development of the case. *Hensley*, 461 U.S. at 434. Accordingly, the remaining 13.8 hours billed should be included in the attorneys' fees.

### v. Impermissibly Vague Time Entries and Improper Block Billing

Defendant relies on Attorney Collins' Declaration to assert 1) several of the time records were not contemporaneously made, and 2) Attorney Teague's use of "block billing" was improper and warrants a reduction in time expended. ECF 109-1 ("Collins Decl.") at ¶ 35. at The Court addresses each objection in turn.

When attorneys improperly record hours, they prevent the Court from making "an accurate determination of the reasonableness of the time expended in the case." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). Improper billing entries "provide[] a proper basis for reducing the fee award." *Courthouse News Serv. v. Schaefer*, 484 F. Supp. 3d 273, 279 (E.D. Va. 2020) (quoting *Guidry*, 442 F. Supp. 2d at 295). A reduction can be accomplished either "(i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or an amount based on the trial court's familiarity with the case, its complexity and the counsel involved." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 777 (E.D. Va. 2013) (citing *Guidry*, 442 F. Supp. 2d at 294).

Defendant also objects to Attorney Teague's use of block billing. Resp. Opp. at XX. Entries that lump multiple tasks together under one time entry "present a significant barrier to a

reasonableness review." *Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 621 (E.D. Va. 2015). Courts faced with inadequate task descriptions reduce fee claims by 20 by 90 percent, and 10 to 20 percent when entries are "infected with lumping." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 517–18 (E.D. Va. 2015) (citing *Route Triple Seven*, 127 F. Supp. 3d at 621).

Attorney Collins identifies 4 "egregious" instances of block billing and 61 total entries she believes include impermissible block billing. Collins Decl. ¶ 48. These "egregious" entries include entries on September 19, 2025 (12.0 hours), September 22, 2025 (10.0 and 11.0 hours), and November 14, 2025 (6.0 hours). *Id.* Because these entries constitute 69% of the total hours billed, Attorney Collins declares a 20% reduction in the total fee requested would be appropriate. *Id.*

Upon review, the Court finds some entries include impermissible block billing and warrant reduction. The September 19, 2025 entry for 12.0 hours lumps together work refreshing familiarity with the case by reviewing filings, reviewing deposition materials, preparing direct and cross-examination, preparing exhibits, preparing the opening statement, and mentally preparing for the commencement of trial. ECF No. 98-2 at 22. These tasks are vague and not adequately documented. *See Guidry*, 442 F. Supp. 2d at 294. Given the short turnaround time between Plaintiff's counsel's engagement on the case and the start of trial, the Court appreciates the necessary volume of work required to prepare adequately for trial at that late stage of the litigation. However, the Court cannot blindly approve time entries without proper specification. As such, the Court will reduce this entry to 9.0 hours.

Plaintiff's counsel bills over 21.0 hours on September 22, 2025. ECF No. 98-2 at 23. From the outset, the Court struggles to believe counsel billed over 21 hours in one day. Additionally, the entries do not contain specificity or substance of work to justify the incredible volume of hours

10

requested from a single day. The Court will reduce the September 22 entries in question to 10 hours total.

Finally, Attorney Collins identifies several time entries that she believes were not contemporaneously made, based on the date of the entry and the date of the corresponding motion. Collins Decl. ¶ 35. The Court finds one such example noteworthy. Attorney Collins objects to the November 14, 2025 time entry of 6 hours because it details "ongoing correspondence" with Plaintiff from September 26, 2025 to November 14, 2025. *Id.* ¶ 48(d). Time entries should be made contemporaneously to ensure the proper amount of time is recorded. *Two Men & A Truck*, 128 F. Supp. 3d at 931. This entry, as written, suggests that Plaintiff's counsel estimated the amount of time he spent over several weeks communicating with Plaintiff. The Court cannot award attorneys' fees based on an unspecific estimate that may have been speculated retroactively or over a lengthy period of time. As such, the Court will reduce the November 14, 2025 entry to 3 hours total.

The Court has reviewed the remaining time entries included in Plaintiff's Motion. Although several of the entries contain multiple tasks, the Court finds most of the entries bill for amounts of time that reflect the Court's expectation regarding the task described.[1] However, the Court finds one additional entry problematic. Plaintiff's counsel billed 7.5 hours on September 25, 2025 for a phone call with Plaintiff. ECF No. 98-2 at 25. The Court finds it unlikely Plaintiff's counsel spent 7.5 hours on the phone with his client when he also spent the entire day in trial. However, Attorney Teague only billed 1 hour for trial that day. Although the entry is improperly described, the Court finds it is unnecessary to reduce the time allotted in this entry. Attorney Teague did work at least a full work day in trial on September 25, 2025, so he is entitled to reasonably attorneys' fees accounting for the entire day.

---

[1] There are some peculiarities worth noting. Plaintiff's counsel only bills for 1-2 hours each for the first three days of the trial. ECF No. 98-2 at 24-25.

11

### vi. Prior Counsel's Fees and Costs

Plaintiff also seeks $26,829.85 in fees and costs incurred by his prior counsel. Reply at 14-15.[2] Defendant argues that the evidence does not support the requested amount. Resp. Opp. at 9. Upon review of prior counsel's time sheets, the Court finds most of the evidence does support the requested amount. *See Antekeier v. Lab'y Corp. of Am.*, No. 117CV786TSETCB, 2018 WL 5075509 (E.D. Va. Aug. 29, 2018), *report and recommendation adopted*, No. 1:17CV786, 2018 WL 5043844 (E.D. Va. Oct. 17, 2018) (finding prior counsel's fees should be included as long as they are not duplicative and are for services current counsel would have performed had he been Plaintiff's counsel at the time). The only duplicative time the Court can identify is time spent preparing the Summary Judgment Opposition Motion. ECF No. 102-1 at 17-18 (recording 4 hours, $1200 total); ECF No. 102-1 at 19 (5 hours, $1500; 2 hours, $600; 4 hours $1200). Additionally, the Court finds that Defendant is not obligated to pay late fees that Plaintiff accrued to prior counsel. Resp. Opp. at 9; Collins Decl. ¶ 52; Reply at 15. Accordingly, the Court will reduce prior counsel's fees to $22,329.85.[3]

### vii. Failure to Produce Documentation and Reasonableness of Costs

Finally, Defendant argues that the costs not properly supported by documentation in the Corrected Bill of Costs should not be awarded. Resp. Opp. at 9-10. Specifically, Defendant argues that the Corrected Bill of Costs and Attorney Teague's Affidavit requested inconsistent costs. *Id.* Accordingly, Plaintiff recalculated and amended his request for costs in the Reply. Reply at 16. Plaintiff now requests $1,280.82 as his primary request for costs. *Id.* The Court has reviewed the Corrected Bill of Costs and finds this amount reasonable and properly recoverable.

---

[2] Plaintiff initially requested $29,393 in prior counsel's fees and costs. Pl's Mot. at 21. However, this number was revised in the Reply in response to Defendant's objections. The Court finds the revisions appropriate and, as such, the Court will consider the updated amount requested.
[3] The Court calculated $26,829.85-($1200+$1500+$600+$1200).

12

### viii. Lodestar factors

Finally, the Court must consider the *Johnson* factors in determining the lodestar figure. Defendant cites one of the *Johnson* factors to argue that this matter was not novel or complex. Resp. Opp. at 5. The Court finds that the issues were straightforward and did not present any novel or particularly difficult issues, and thus Plaintiff's counsel did not need to possess any special skills to prevail in this case. *But see, e.g., Courthouse News Serv. v. Schaefer*, 484 F. Supp. 3d 273, 278 (E.D. Va. 2020) (determining the case was complex because it involved a constitutional issue of first impression). While the Court finds the issues in this case to be typical of a Title VII retaliation claim, other factors, such as time limitation imposed by the circumstances of a late counsel substitution; the "undesirability" of the case; and the time and labor required as a result of those factors weigh against any reduction the novelty factor would warrant. Accordingly, the Court will not reduce the requested attorneys' fees based on this factor.

The Court finally turns to the remaining factors. As noted, Attorney Teague is a solo-practitioner. ECF No. 121 ¶ 23. He also began his representation after the discovery stage and in the midst of summary judgment motions. Pl's Mot. at 18. Defendant urges the Court to consider the shortness of the professional relationship. Resp. Opp. at 6. The Court considers this factor in the following way: Attorney Teague had to get familiar with the case quickly, did not get the benefit of managing the discovery process in real time, and had to synthesize those discovery materials sufficiently to prepare summary judgment motions and, eventually, trial. In light of the circumstances, the Court does not believe a reduction in fees based on the *Johnson* factors is justified in this case.

B. Award Calculation

The Court finds that Plaintiff's counsel spent 205.1 hours of compensable time on this matter.[4] The Court calculated the lodestar figure by adding 205.1 hours expended by an hourly rate of $350 for attorney time,[5] 0.5 hours expended by an hourly rate of $175 for attorney travel time,[6] and prior counsel's fees to $22,329.85, totaling $94,202.35 in attorney's fees,[7] and $1,280.82 in expenses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorneys' Fees and Expenses is **GRANTED** in part and **DENIED** in part. ECF No. 97.

After review of the motion, the Court hereby **APPROVES $94,202.35 in attorneys' fees** and **$1,280.82 in expenses**. Defendant shall pay post-judgment interest on the $95,483.17 award for attorneys' fees and expenses. Interest shall accrue from September 26, 2025, calculated in the manner set forth in 28 U.S.C. § 1961.

The Court **DIRECTS** the Clerk to provide a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 23, 2026

Raymond A. Jackson
United States District Judge

---

[4] Plaintiff's counsel initially requested 223.1 hours on this matter. The Court subtracted 17 hours of attorney time for impermissible block billing and 1 hour of work discussing engagement terms, totaling 205.1 hours.
[5] The Court multiplied 205.1x$350= $71,785.00.
[6] The Court multiplied 0.5x$175= $87.50.
[7] The Court added $71,785+ 87.50 +22,329.85= $94,202.35.